## MARIE JOSE GOMES *v.* MRS. GEORGE EDWARD CAMPBELL.

SUBMITTED SEPTEMBER 19, 1945.　　　DECIDED NOVEMBER 23, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This case is before us on plaintiff's bill of exceptions

to the decision and judgment of the circuit court in a summary-possession action appealed to the circuit court from a judgment of a district magistrate of Honolulu in favor of the defendant.

The parties have by stipulation narrowed the issue to the question of the validity of section 9 of ordinance number 941 of the City and County of Honolulu, although the decision of the circuit judge was based on two grounds:

(1) That the plaintiff did not sustain her claim that she sought possession in good faith for her immediate and personal use as a dwelling, and (2) that there was a nonjoinder of necessary parties defendant.

Section 9 of ordinance 941 provides in part that, "It shall be unlawful for any person to institute any action or proceeding to recover possession of housing accommodations so long as the tenant continues to pay the rent to which the landlord is entitled under this ordinance, unless * * *

"2. The landlord seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling."

Although plaintiff, in compliance with the ordinance, alleged in her complaint "That the plaintiff seeks in good faith to recover possession of the property for her immediate and personal use and occupancy as a dwelling," at the trial she objected to the introduction in evidence of the ordinance which she had plead on the following grounds, and no others:

(a) That said section of said ordinance is invalid, being in conflict with statutes of the Territory on the same subject, and (b) that the board of supervisors of the City and County of Honolulu had no authority to enact said section of said ordinance.

In addition to the grounds for her contention that section 9 of said ordinance is invalid, urged in the circuit

court and set forth in her bill of exceptions, the plaintiff in her brief has argued that said section is invalid for the further reason that it is beyond the scope of the title of the ordinance. Clearly, the circuit court never had before it the question of the sufficiency of the title of the ordinance.

Counsel for the defendant has raised no objection to a consideration of the additional ground urged here for the first time by counsel for the plaintiff. On the contrary, he states in his answering brief that by stipulation the issue has been narrowed to the contention that section 9 of ordinance 941 is invalid and unauthorized for the reasons that:

A. It is in conflict with a statute of the Territory on the same subject;

B. It was enacted without delegation of authority so to do;

C. It is beyond the scope of the title of the ordinance.

The stipulation referred to was entered into after the case had been tried and decided, the judgment being dated November 28, 1944, and the stipulation being dated February 5, 1945. Moreover, the stipulation recites:

"That plaintiff was entitled to a writ of possession restoring to her the premises involved but for Ordinance number 941, Section 9, as amended, of the City and County of Honolulu, Territory of Hawaii, and Act 91, Session Laws (Sp. Session) of the Territory of Hawaii, 1941, and Act 102, Session Laws of said Territory of Hawaii, 1943.

"That said Ordinance, and Section thereof, was admitted in evidence at the trial over plaintiff's objection on the ground that the same is invalid being in conflict with statutes of the Territory on the same subject, and on the further ground that the Board of Supervisors of the City and County of Honolulu, Territory of Hawaii, had no authority to enact the same."

In 53 American Jurisprudence, Trial, section 137, it is said: "It is well settled that an objection, to be good, must point out the specific ground of the objection, and that if it does not do so, no error is committed in over-ruling it. In other words, a party is confined to the specific objections made by him and can have the benefit of no other."

The question of the sufficiency of the title of the ordinance not having been before the circuit judge and therefore not ruled on by him, and not being included as a ground in the bill of exceptions, this court will decline to consider argument based on the alleged insufficiency of the title of the ordinance.

Act 242 (series B-79) of the Session Laws of 1939 amended various subsections of section 3021, Revised Laws of Hawaii 1935. Subsection 39 of section 3021 which provided that "No ordinance shall be held invalid on the ground that it covers any subject or matter embraced within any statute of the Territory whether such ordinance is in conflict with any such statute or otherwise," was amended to read as follows:

"39. To exercise such legislative powers as are necessary or expedient to carry out the powers, functions and duties entrusted to or imposed upon the board; provided, however, that no executive or administrative powers or functions shall be assumed or exercised by the board unless the same be expressly or by necessary implication authorized by law.

"No ordinance shall be held invalid on the ground that it covers any subject or matter embraced within any statute of the Territory, provided that such ordinance is not inconsistent with and does not tend to defeat the intent or object of such statute or of any other statute, and provided also that such statute does not disclose an express or implied intent that the same shall be exclusive, or uniform throughout the Territory."

The above amendment is now subsections 47 and 48 of section 6521, Revised Laws of Hawaii 1945.

Act 91 (series B-25), Special Session Laws of 1941, approved November 5, 1941, amended section 3021 of Revised Laws of Hawaii 1935 by adding a new subsection enabling the board of supervisors of the City and County of Honolulu "To regulate the renting, subletting and rental conditions of property for places of abode by ordinance."

Ordinance 941 was passed and approved December 13, 1941. At that time Act 91 above was the only Act of the legislature enabling the board of supervisors of Honolulu to legislate on rent control.

However, on May 1, 1943, Act 102 of the Session Laws of 1943 became effective and amended chapter 113 of the Revised Laws of Hawaii 1935, as amended (now chapter 216, Revised Laws of Hawaii 1945), by adding a new section numbered 4029, which reads as follows:

"Sec. 4029. RENT CONTROL ORDINANCES. Nothing in this chapter shall be deemed to authorize the eviction of a tenant contrary to the provisions of any rent control ordinance declaring an emergency arising out of a housing shortage and prohibiting termination of tenancies or restricting the grounds for termination thereof, pursuant to the powers conferred by those subsections of sections 2833 and 3021 which were added by Act 91 (Series B-25) of the Special Sessions Laws of Hawaii 1941, so long as such emergency continues."

Section 4029 has been incorporated in the Revised Laws of Hawaii 1945 as section 10418 and modified to read as follows:

"Sec. 10418. RENT CONTROL ORDINANCES. Nothing in this chapter shall be deemed to authorize the eviction of a tenant contrary to the provisions of any rent control ordinance declaring an emergency arising out of a housing shortage and prohibiting termination of ten-

ancies or restricting the grounds for termination thereof, pursuant to the powers conferred by subsection 10 of section 6233 and subsection 4 of section 6521, so long as such emergency continues."

Although Act 102, Session Laws of 1943, is recited in the stipulation of the parties narrowing the issue to the validity of section 9 of ordinance 941, counsel for the plaintiff has studiously avoided any mention of said Act in his argument. He argues solely on the effect of Act 91, Special Session Laws of 1941, and Act 242, Session Laws of 1939.

We think however that Act 102, although passed after ordinance 941, is applicable to the issue and must be considered.

In 50 American Jurisprudence, Statutes, section 337, it is said: "SUBSEQUENT LEGISLATIVE ACTION. —The interpretation of a statute by the legislative department of the government may go far to remove doubt as to its meaning. This fact is recognized by the courts which regard it as proper, in determining the meaning of a statute, to take into consideration subsequent action of the legislature, or the interpretation which the legislature subsequently places upon the statute. There are no principles of construction which prevent the utilization by the courts of subsequent enactments or amendments as an aid in arriving at the correct meaning of a prior statute, and it is very common for a court, in construing a statute, to refer to subsequent legislation as impliedly confirming the view which the court has decided to adopt. Indeed, it has been held that if it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute."

In *Alexander* v. *Alexandria*, 9 U. S. 1, 7, Chief Justice

Marshall speaking for the court said: "For the plaintiff, it is contended, that the power of taxation, here given [in the Act of 1779], is in terms, confined to assessments made on the inhabitants. On the part of the defendants, it is urged, that the express power to assess the inhabitants is for the sole purpose of improving their streets, and that an express power is also given to make expensive establishments, the means of erecting which could be furnished only by taxes; that the power to make by-laws must, therefore, necessarily be construed to involve the power of taxing, at least, for these objects.

"Without deciding this question, as depending merely on the original law, it is to be observed, acts *in pari materia* are to be construed together as forming one act. If, in a subsequent clause of the same act, provisions are introduced, which show the sense in which the legislature employed doubtful phrases previously used, that sense is to be adopted in construing those phrases. Consequently, if a subsequent act on the same subject affords complete demonstration of the legislative sense of its own language, the rule which has been stated, requiring that the subsequent should be incorporated into the foregoing act, is a direction to courts in expounding the provisions of the law.

"The act of the 16th of December 1796, contains this clause: 'It shall and may be lawful for the mayor and commonalty of the town of Alexandria to recover, of and from all and every person or persons holding land within the limits of the said town, and who have no other property within the said town on which the taxes or assessments imposed on such property, for paving the streets therein, can be levied, the amount of such taxes or assessments, by motion in the court of the county or corporation where such person or persons reside.'

"This clause most obviously contemplates a full right to assess taxes on property lying within the town and

belonging to non-residents; for it gives a right to recover such assessment in the court of any county or corporation in which the owner of such property may reside. It is either a legislative exposition of a power formerly granted, or the grant of a new power."

If it be assumed that Act 91, Special Session Laws of 1941 (now subsection 4 of § 6521, R. L. H. 1945), which merely authorized the board of supervisors of the City and County of Honolulu "To regulate the renting, subletting and rental conditions of property for places of abode by ordinance" is ambiguous, Act 102, Session Laws 1943, may be applied to remove the ambiguity. If there is no ambiguity in Act 91, Act 102 cannot be used as an aid to its construction. (*Brown* v. *Kinney*, 24 Haw. 124, 135.)

A conclusion that Act 91 is not ambiguous does not, however, preclude consideration of Act 102 as a limitation on the right of a landlord to evict a tenant contrary to the provisions of the ordinance already enacted by the board of supervisors. In other words, as said by Chief Justice Marshall in *Alexander* v. *Alexandria, supra*, "It is either a legislative exposition of a power formerly granted, or the grant of a new power."

Act 102 of. Session Laws of 1943 refers to Act 91 of Special Session Laws of 1941 as having empowered the board of supervisors to restrict the grounds for termination of tenancies by ordinance so long as the emergency recited in the ordinance continues. Act 102 does not repeal the statutes giving to landlords the right to terminate tenancies. It does, however, clearly suspend the operation of such statutes so long as an emergency recited in an ordinance enacted to regulate the renting, subletting, and rental conditions of property for places of abode continues.

No question is raised by the exceptions of the right or power of the legislature to suspend the operation of its own statutes during the period of the housing emergency

recited in ordinance 941, enacted pursuant to the powers conferred on the board of supervisors by Act 91 of Special Session Laws of 1941.

Finding no error in the decision of the circuit court admitting in evidence and applying ordinance 941 or in the judgment entered pursuant to the decision, the exceptions are overruled.

*B. Houston* for plaintiff-appellant.

*H. H. Moore* for defendant-appellee.