[No. 15056.    Department One. — March 24, 1893.]

EUNICE D. MARION ET AL., APPELLANTS, *v.* THE BOARD OF EDUCATION OF THE CITY OF OAKLAND ET AL., RESPONDENTS.

SCHOOL LAW — DISMISSAL OF TEACHER — EMPLOYMENT FOR A YEAR — CONTINUANCE AFTER TERM — POWER OF BOARD OF EDUCATION. — Where the records of the board of education of a city recite that the board "went into executive session for the election of teachers for the ensuing year," and thereupon certain teachers were declared elected, a teacher so elected, who begins teaching under such authorization, and continues holding after the expiration of the year for two years more without any new employment, is not elected for life, subject to removal only for cause, but may be dismissed at any time after the expiration of year.

ID. — IGNORANCE OF TEACHER AS TO FIXED TERM. — The ignorance of the teacher as to the term of her employment being fixed for one year only, and her honest supposition that she held a life position, cannot avail her, to prevent a dismissal by the board of education, or to compel payment of salary after such dismissal.

ID. — VOID ELECTION OF TEACHER — HOLDING AT PLEASURE OF BOARD OF
EDUCATION. — If it be conceded that the board of education had no
power to elect a teacher for a year, an election for a year cannot consti-
tute an election for life, but a void election would be no election, and
she would hold the position at the mere pleasure of the board, subject
to be discharged at any time.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Charles E. Snook, George W. Reed,* and *E. Nusbaumer,*
for Appellants.

*William R. Davis,* and *James A. Johnson,* for Respond-
ents.

GAROUTTE, J. — This is an application for a writ of
mandate to compel the respondents herein to approve
and allow the demand of appellant Eunice D. Marion,
as a teacher of the school department of the city of
Oakland, for salary from July 31, 1889, to and including
the twenty-eighth day of February, 1890, for the sum
of seven hundred dollars, and to compel the defend-
ants to draw a warrant for the payment of said claim.
Petitioner was nonsuited in the trial court upon
the grounds, among others, that she was employed or
elected by respondents as a teacher for a certain definite
time, and that period had expired prior to the time for
which she now claims salary, and upon which claim
she attempts to support this proceeding.

The motion for a nonsuit was properly granted upon
the ground stated. Petitioner was an applicant before
the board of education for a position as teacher in the
public schools of Oakland, and the records of the board
of May 29, 1886, disclose the following: " The board
then went into executive session for the election of
teachers for the ensuing year," and thereupon certain
teachers were declared elected, — among others, the peti-
tioner. Under this order of the board she began teach-

ing, 'and continued in the same position during the years 1887 and 1888. In 1889 the board elected another teacher to fill the position she had previously occupied, and this proceeding resulted. At the trial she introduced no evidence indicating her employment or election by the board as a teacher for the years 1887 and 1888, other than the action of the board already stated, but insisted that her election in the year 1886 was an election for life, subject to removal for cause, as specified in section 1793 of the Political Code.

The case of *Kennedy* v. *Board of Education*, 82 Cal. 483, is the leading authority in this state bearing upon this question, and it is there decided that the election of a teacher for no specified period of time, under section 1793, is an election for life, subject to dismissal for any of the causes mentioned in said section. That case goes quite far enough, and the principle here insisted upon carries the doctrine away beyond anything there declared. In the Kennedy case, the election of the teacher was for no stated, definite time, and it was not held in that case that the board had no power to elect for a certain definite period. Under its general powers, the board of education is authorized to enter into contracts with teachers, and fix their compensation and term of employment. If the board should employ a teacher for one year, it would be absurd to say that it could not dispense with the services of such teacher at the end of the year. In the present case, whatever doubt may surround other elements of the transaction between these parties, the time for which petitioner's services were secured was fixed and definite. The board so understood it; for its record so discloses the fact. She taught under that authorization of the board. She entered the school-room, performed her duties, and drew her salary under that resolution; for there was no other. And even conceding that she labored under a resolution, not knowing some of its terms, and honestly supposing she held a life position, her mistake in this regard could avail her nothing in the present proceeding.

While the statute, as construed in the Kennedy case, gives the teacher a life tenure when elected without specifying the term of service, we see no reason why a board of education has not the power to elect a teacher for a month or for a year. Conceding an election to presuppose an office, and that a teacher's position after an election is an office, the statute does not fix the term of such office, and while there might possibly be valid objections to fixing the tenure for a long period of time, there would seem to be no want of power in the board to fix the term for a period of time of as short duration as it might see fit. Under the Kennedy case the board of education of Oakland had the power to elect petitioner for life, but its power was not exercised to that extent, and her election, by explicit terms, was confined to a period of one year. We find nothing in the law denying the right of the board to exercise such a power. Again, we see no necessity of indulging in fine distinctions between the hiring of a teacher by special contract, and the election of a teacher under this provision of the code. There appears to be no reason in saying that if a board of education desires to secure the services of a teacher for a month or a year, such teacher must be hired by a special contract, and cannot be elected; for if elected, a life tenure is created, even against the intentions and wishes of all parties concerned. We think the law was not enacted with such ends in view.

If we concede petitioner's position to be true, that the board had no power to elect for a year, then her cause still remains without merit, for the action of the board in electing her was void, and no election whatever was had. Consequently, she was teaching at the mere pleasure of the board, subject to be discharged as any other employee without a fixed term of employment.

For the foregoing reasons, let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.