Lindsay v. Allen.

J. S. LINDSAY *et al. v.* WILLIAM ALLEN, Judge, *et al.*

(*Knoxville.*    September Term, 1904.)

1. **WITNESSES.** Statute for the purity of elections and compelling offenders to testify, with immunity from prosecution, applies to criminal cases only; no contempt, when.

A statute whose purpose is to preserve the purity of elections and to define and punish offenses against the elective franchise, and which defines various offenses against the elective franchise as felonies, and makes one offender a competent witness against another person so offending and compels him to attend and testify upon any trial, hearing, proceeding, or investigation, in the same manner as any other person, and protects such witness so testifying against prosecution for the offense testified about, applies only to criminal cases, and a person cannot be compelled to testify, nor punished for contempt for failure to testify as to any incriminating matter in a civil proceeding growing out of fraudulent election. (*Post, pp.* 518-522.)

Acts cited and construed:   1897, ch. 14.

Case cited and approved:    Muller v. State, 11 Lea, 18.

2. **CONTEMPT OF COURT.** Sheriff is not in, for declining to execute void mittimus, when.

A sheriff is not in contempt of court for declining to honor and execute a mittimus, void because ordering the commitment of a witness who properly declined to answer questions asked before an examining commissioner who had no authority to compel an answer. (*Post, pp.* 519, 521.)

FROM CAMPBELL.

Appeal from the Chancery Court of Campbell County. —HUGH G. KYLE, Chancellor.

JOUROLMON, WELCKER & HUDSON, TEMPLETON, LIND-
SAY & TEMPLETON, and POWERS & OWENS, for appellants
Davis, Roach and Gaylor.

LUCKY, SANFORD & FOWLER, and AGEE & PETERS, for
appellees.

MR. JUSTICE WILKES delivered the opinion of the
Court.

In this case, while pending in the court below, attach-
ment proceedings were had against Davis, Roach, and
Gaylor for contempt of court—Roach and Davis for re-
fusing to answer certain questions propounded to them
as witnesses in said cause, and Gaylor for failing to
commit Davis to jail. The cause in which the contempt
is alleged to have been committed was a contested elect-
ion over the removal of a county seat.

The witnesses Roach and Davis assigned as a reason
for refusing to answer the questions that the answers
would incriminate them.

They were thereupon adjudged by the commissioners
to be guilty of contempt and committed to jail.

The witnesses were notified by the commissioners that
they were protected by statute from prosecution in con-
sequence of any statements they might make, and that
their statements could not be used against them in any
prosecution; but they still declined to answer upon the
grounds stated.

Lindsay v. Allen.

The commissioner stated to witness Davis that, if any arrangements could be made by which he would have his freedom until habeas corpus proceedings could be had and the question determined, he would have to make such arrangement with the sheriff or jailer. Thereupon Gaylor, the sheriff, permitted the witness Davis to go with his counsel to his office to prepare his petition for habeas corpus, and under this arrangement the witness Davis was carried before the Honorable J. W. Sneed, Judge, upon writs of habeas corpus, and was by said judge released, he being of the opinion that the witness was not bound to answer the questions, and that the commitment was void.

Complainants in the original bill thereafter filed a petition to attach Roach and Gaylor for contempt. They answered, and denied all allegations of contempt.

The matter was heard before the chancellor, who held Gaylor guilty, and fined him $25, and Roach also guilty, and ordered him committed to jail without bail until he should answer the questions. Gaylor and Roach were also taxed with the costs, except the costs incident to making W. A. Owens a party.

The parties appealed, but did not give bond, and subsequently they brought the case up by writ of error.

The cause was heard by the court of chancery appeals, and the decree of the chancellor was affirmed, and the parties have appealed to this court.

The decision of the case turns upon the validity, proper construction, and effect of section 6, c. 14, p. 137, Acts

1897, which is in the following words and figures: "A person offending against any provision of sections 1 and 2 of this act is a competent witness against another person so offending and may be compelled to attend and testify upon any trial, hearing, proceeding or investigation in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying, except for perjury in giving such testimony. A person so testifying shall not thereafter be liable to indictment, prosecution or punishment for the offense with reference to which his testimony was given, and may plead or prove the giving of testimony accordingly in bar of such an indictment or prosecution."

It is insisted that the provisions of this section 6 are limited to testimony given in criminal cases.

The chapter in which this section is found is entitled "An act to preserve the purity of elections and define and punish offenses against the elective franchise."

Sections 1 and 2 (pages 134, 135) define various offenses against the elective franchise which are declared unlawful and are made felonies by section 7 of the act and include the payment of any money to or for any voter or other person to induce such voter to vote at any election.

While the object of the act is to preserve the purity of elections, still the section must be construed according to its language. The language is: "A person so offending is a competent witness against another person so of-

fending and may be compelled to attend and testify upon any trial, hearing, proceeding or investigation as any other person."

This, we think, clearly means some trial, hearing, proceeding, or investigation of a person other than the witness for the commission of such offense, and when testimony is given in such case the person giving it shall not be liable to prosecution because of his statements. We cannot see that the provisions of the act extend any further than this, and it is only in case of such trial, proceeding, hearing, or investigation of any offender that such immunity exists in favor of the party testifying. This meets not only the language of the act, but also the title or caption.

We are of opinion, therefore, that the commissioner had no power or authority under the statute to compel the witnesses Roach and Davis to testify in this case, and on failure to commit them for contempt; nor did the chancellor have such power, and the sheriff, Gaylor, was not in contempt in declining to honor and execute a void mittimus.

It is said that the use of the terms "trial," "hearing," "proceeding," and "investigation" indicate that the exemption was intended to apply to all proceedings, civil as well as criminal, instituted to preserve the purity of elections; but we think the plain language of the section limits its application to trials, hearings, proceedings, and investigations of some offender against the first and second sections of the act. The words "trial," "hearing,"

Lindsay v. Allen.

"proceeding," and "investigation" are all terms that pertain to proceedings of a criminal nature, and mark the different steps in a criminal prosecution. Thus, "proceeding" and "investigation" relate to proceedings and investigations before a grand jury when the State is proceeding by indictment or presentment; the words "trial" and "hearing" may relate to the trial of the cause upon final hearing or to the preliminary hearing before the committing magistrate; but in all cases the State contemplates some sort of criminal proceeding against a person offending.

In *Muller* v. *State,* 11 Lea, 18, under a statute requiring witnesses to testify before grand juries, it was held that the witness could not be required to testify elsewhere, as in the court. It was the intention of the legislature in these cases to require witnesses to testify in all the steps of such prosecution.

This disposes of the entire matter without considering the other questions presented.

It results that the decree of the chancellor and the court of chancery appeals must be reversed, the order of punishment for contempt must be set aside, and the proceedings dismissed, at the cost of petitioners for said contempt proceedings.