# CHARLESTON

## State v. Boner.

Submitted January 12, 1905.    Decided  January 31, 1905.

1. Supreme Court Jurisdiction—*Recognizance—Bail.*
   Judgment  for the State for $100.00 on a *scire facias* on a recognizance of bail.   At a subsequent term an order is made setting aside the judgment.   As the principal and interest exceeded $100.00 when the order of release was made, this Court has jurisdiction of a writ of error sued out by the State.   (pp. 82, 83.)

2. Scire Facias— *Recognizance.*

A judgment on a *scire facias* upon a recognizance of bail is a bar to defences which might have been made against the *scire facias.* (p. 83.)

3. Scire Facias—*Release of Judgment on at former term.*

A court cannot, at a later term, release a final judgment entered at a former term upon a writ of *scire facias* upon a recognizance of bail. (p. 83.)

Error to Circuit Court, Barbour County.

Action by the State against J. L. Boner and others. Judgment for defendants, and plaintiff brings error.

*Reversed.*

W. T. George, for plaintiff in error.

W. B. Kittle and J. Blackburn Ware, for defendants in error.

Brannon, President:

At one term of the circuit court of Barbour county, upon a writ of *scire facias* on a recognizance entered into by E. M. Ray and others with condition that Ray appear before the court to answer the State in a prosecution for selling liquor, the court rendered judgment and awarded execution in favor of the State against the defendants for one hundred dollars and costs. At a subsequent term the court made an order reciting that the sureties had taken and lodged Ray in jail to answer the charge, and setting the said judgment aside and discharging the debtors from its payment; and the State has sued out a writ of error.

First, it is urged that this Court has no jurisdiction of the writ of error because the judgment is not over $100.00. When the order setting aside the judgment was made there had accrued nearly four months' interest on the $100.00, as the Code, chapter 131, section 18, says, "every judgment, except where otherwise provided by law, shall bear interest from the date thereof, whether it be so stated in the judgment or not." Therefore, this order aggrieved the State to the extent of $100.00 plus interest. By this order the State loses $101.80. It is from the order taking from it that sum that the State appeals. That the writ of error lies is shown by *Arnold* v. *County Court*, 38 W. Va. 142. The Constitu-

tion excludes costs, but not interest, in ascertaining the amount for appeal. It is argued that under this rule a man who recovers $98.00 could wait until interest would bring the amount to over $100.00 and then appeal. No. He appeals from the one judgment. But here it is the later order releasing the debt that is assigned as the error; it is that order that supports the writ of error—it is that which does the harm, just as the second judgment—that on *certiorari*—aggrieved Arnold in the case cited.

Certain defects in the recognizance or bail bond are suggested in defence of the order of discharge. Those defects were proper for cosideration as defences against the writ of *scire facias;* but they are foreclosed by the final judgment upon it.

A *scire facias* ought to be regarded, in some instances an original action, in others, not such. It might not be where used to revive a judgment; but where based on a recognizance it should be so regarded, just as an action of debt on it would be, and a judgment upon it is a finality and *res judicata.* In fact, whether regarded as an original action or not, it is *res judicata.* Freeman on Judg. section 448; 19 Ency. Pl. & Prac. 263-4. The judgment could not be set aside after the term. *Crawford* v. *Fiskey,* 41 W. Va. 544.

It is said that the court after judgment had power to remit or release the recognizance by reason of the Code, chapter 162, section 9, saying: "When, in an action or *scire facias* on a recognizance, the penalty is adjudged to be forfeited, the court may, on application of a defendant, remit the penalty, or any part of it, and render judgment on such terms and conditions as it deems reasonable."

Plainly this section limits the power of remission to the pendency of the proceeding on the recognizance. The words "in an action or *scire facias*" show this; the word "is" supports the argument. It is the present tense, not the perfect "has been."

The words "render judgment," make it clear and conclusive. The recaption of Ray, I may add, could not be pleaded after final judgment.

We will reverse the order of release made 27th February, 1904.

*Reversed.*