[Civ. No. 4748.  First Appellate District, Division Two.—August 28, 1924.]

RUBY OWENS, Appellant, v. BOARD OF EDUCATION OF THE CITY OF SANTA CRUZ, etc., et al., Respondents.

[1] SCHOOL LAW — CLASSIFICATION OF TEACHERS — CONSTRUCTION OF SECTION 1609, POLITICAL CODE.—Under section 1609 of the Political Code, as amended in 1921, a "probationary" teacher is re-elected and re-employed annually until entitled to classification as a "permanent" teacher, and the board of education is required to report the employment of such teacher annually to the county superintendent; and this, in itself, is sufficient to meet the terms of the statute and the teacher thereby becomes automatically classified as a . permanent teacher at the end of two years of successful service.

[2] ID.—DISCHARGE AT TERMINATION OF CONTRACT PERIOD—AMENDED STATUTE NOT APPLICABLE.—Where a teacher was employed under a contract which terminated with the school year of 1921–22, and the board of education, pursuant to the provisions of section 1609 of the Political Code, as amended in 1917 (that being the statute in effect at the time the contract was entered into). gave her written notice, before the 10th of June, that her services would not be required for the following school year, such teacher was not entitled to the tenure guaranteed by said section, as amended in 1921; but she would have been entitled to classification as a permanent teacher to enjoy such tenure if the board had continued her employment for the school year 1922–23.

(1) 35 Cyc., p. 1076.    (2) 35 Cyc., p. 1089 (Anno.).

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge. Affirmed.

The facts are stated in the opinion of the court.

William B. Acton for Appellant.

Ralph H. Smith and J. L. Johnston for Respondents.

NOURSE, J.—Plaintiff instituted proceedings in *mandamus* to require the defendants to reinstate her as a perma-

nent teacher in the elementary schools of the Santa Cruz school district. Her petition contained the essential averments of facts showing the legal duty on the part of the defendants, her demand that they perform it, their refusal, and her right to the enforcement of the duty. These allegations were not denied except through the pleader's conclusions, but two separate defenses were interposed—the first setting up a written contract between the plaintiff and another school district by reason of which it was claimed that plaintiff had rendered herself unable to perform her duties with the defendant district, and the second alleging that the Santa Cruz district was not one employing at least eight teachers under a principal who devotes at least two hours a day to supervision in the schools under his control.

The cause was tried before the court and findings of fact were made from which the court drew the conclusion of law that by reason of the second contract the plaintiff was not ready, able, and willing to perform her duties as a teacher in the Santa Cruz school on August 28, 1922, the date the schools of that district were reopened. From the judgment which followed for the defendants the plaintiff has appealed on the judgment-roll and a bill of exceptions.

All the evidence was offered by the appellant and stands without conflict. It shows that she was regularly employed as a teacher by the respondents for the school year commencing July 1, 1919, and was automatically re-employed for the two successive years following—1920–21 and 1921–22. About May 10, 1922, she was orally notified by the superintendent of the school district that she would not be re-employed for the following school year. At the same time she was advised by the superintendent to look for a school elsewhere, and, acting on this alone, on May 19, 1922, she secured a contract to teach with an adjacent school district for the ensuing school year. Thereafter and on May 29, 1922, the board of education of the Santa Cruz district, by resolution, directed the superintendent, who was also secretary of the board, to notify the appellant that she had not been re-elected as a teacher in that district. The appellant was then advised that by reason of the statute, which will hereafter be referred to, she could not be so dismissed from her position. She so notified the respondent and arranged

with the other district for a cancellation of her contract of May 19th. She appeared at the school of the respondent district at the opening of the new term, August 28, 1922, and demanded an assignment to her regular position, which was refused.

The statutory law which is applicable to the case is known as the Teachers' Tenue Act and is found in section 1609 of the Political Code as amended at the legislative session of 1921 (Stats. 1921, p. 1663). The pertinent parts of the section are that boards of education "shall have power and *it shall be their duty* . . . Second—To employ the teachers, as provided in part fifth of this section; . . . Fifth—(a) To employ, as teachers, . . . to serve as substitutes, probationary or permanent teachers, and to give the county superin-tendent of schools immediate notice in writing of such employment . . . (c) To classify as *substitute* teachers those persons employed as teachers from day to day . . . (d) To classify as *probationary* teachers those persons employed as teachers for the school year, and who have not been classified as permanent teachers, as hereinafter provided, such classification to be made at the time of employment, and thereafter in the month of July of each school year. (e) To classify as *permanent* teachers all persons who shall have been successfully employed as teachers by the district for two consecutive school years at the time of classification; provided, also, that the two years of successful service shall have been performed *in a district* employing at least eight teachers under a principal who shall devote at least two hours per day to *supervision in the school or schools under his control.* Such classification shall be made at the end of the two years of such employment." (Emphasis ours.)

The foregoing section became effective August 2, 1921. The appellant had then performed her two years of service and it was stipulated at the trial that this was successful and that her record was excellent. It does not appear that she was formally classified as a teacher of any class after the act became effective. No special form of classification is prescribed; but subdivision fifth of section 1609 requires the board of education to give immediate notice to the county superintendent of the employment of each teacher, and subdivision second of the same section provides that, except as

otherwise specified in the act, a teacher "shall be deemed re-elected from year to year." [1] Thus a "probationary" teacher is re-elected and re-employed annually until entitled to classification as a "permanent" teacher, and the board of education is required to report the employment of such teacher annually to the county superintendent. This, in itself, is sufficient to meet the terms of the statute and the teacher thereby becomes automatically classified as a permanent teacher at the end of two years of successful service.

[2] But the rule is different where the service has been performed prior to the effective date of the act under a contract which was, under a statute then in force, limited in its duration. In the case before us the appellant had performed her service under a contract executed in accordance with section 1609 of the Political Code (as amended 1917). (Stats. 1917, p. 737). This contract terminated with the school year of 1921–22, but was deemed continued in force unless, before the 10th of June, the board should give the appellant notice in writing that her services would not be required for the following school year. Such notice was given and the contractual relations between the board and the teacher came to an end with the close of that school year. If the board had at any time after the act became effective continued her employment for the school year 1922–23, this would have automatically classified her as a permanent teacher and she would have thereafter enjoyed the tenure guaranteed by the act, assuming that the other conditions mentioned in the act exist—a fact which is not disputed here.

Inasmuch as the appellant's contract of employment terminated at the end of the school year of 1921–22, and nothing appearing from which it could be inferred that a contract under the tenure act arose, it follows that there is no legal duty upon the board to reinstate her. This being so the assignments of error do not require consideration.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1924.

All the Justices concurred.