129 P.2d 342

**FREEMAN v. MEDLER, President of Sierra County Board of Education, et al.**

No. 4679.

Supreme Court of New Mexico.

Sept. 22, 1942.

Owen J. Mowrey, of Albuquerque, for appellant.

Whatley & Garland, of Las Cruces, for appellees.

BRICE, Chief Justice.

An application was made by appellant to the district court for a writ of mandate to require the appellee board to reinstate him as teacher and principal of the public school at Arras, New Mexico. The case was tried upon the pleadings, with the result that the trial court entered judgment quashing the alternative writ theretofore issued, and followed by a dismissal of the case.

The question presented here is whether the appellee should have been compelled to reinstate the appellant as teacher and principal of said school for the school term of 1941–1942.

Obviously the question is moot, as the school term has expired. Under those circumstances this court ordinarily would refuse to consider the appeal, notwithstanding the question of costs, by such disposition, would be resolved against appellant, without a determination of the merits of the appeal. Tabor v. Hipp, 136 Ga. 123, 70 S.E. 886, Ann.Cas.1912C, 246. But the question is one of public interest and might bear upon subsequent litigation between the parties, for which reason we have concluded that the case should be determined upon its merits.

The appellant was employed as a teacher and principal of the Arras public school in August 1940 at a salary of $100 a month. In 1941 the state legislature enacted Ch. 202 of the Laws of that year the title to which is "An Act relating to the employment and discharge of and contracts with teachers in the public schools of New Mexico and amending Section 20 of Chapter 73, Laws of 1925, and declaring an emer-

gency". The portions of the act material to this case are:

Sec. 1. "On or before the closing day of school in each school district in the State, whether rural, municipal or otherwise, the governing board shall serve written notice upon each teacher or other employe certified as qualified to teach in the schools of the State and by it then employed, stating whether it desires to continue or discontinue the services of such teacher or employe for the ensuing school year * * *.

"Failure to serve such notice shall be construed as a renewal of such employment for the ensuing year, unless, within fifteen (15) days after the closing date of school within the district, such employe shall serve written notice upon such governing authority that he or she does not desire such contract to be renewed. A contract covering said employment shall be executed, as soon as practicable and not later than ten (10) days before the opening of the next school term, except that the salary and period of such employment may be modified at the time of the execution of said contract in conformity with the needs of the school and the estimated funds and budget available for the school term; provided that, in the event either is reduced, the employe shall have the right to decline such contract and to withdraw from such employment, no teacher shall be employed by the governing authority of any school district who under the laws in force, does not hold a teacher's certificate necessary for the position to be filled."

Sec. 3. "No teacher having a written contract shall be discharged except upon good cause and after hearing on written charges, which, together with written notice of the time and place of hearing, shall be served upon said teacher at least five (5) days prior to such hearing. Such teacher shall have the right to appeal within ten (10) days to the State Board of Education, which Board shall hear the matter de novo at a time and place to be by it fixed and the decision of such State Board of Education shall be final. Pending its decision upon appeal, such teacher shall be entitled to receive the salary contracted for."

This statute carried the emergency clause and was approved and became effective on April 18, 1941, which was the day the school in question was closed. The appellee board knew nothing of the approval of the act, and hence did not give appellant notice of whether his services would be retained for the ensuing year.

On the 8th day of May, 1941, the appellee board, without notice or hearing, by resolution, refused to reemploy the appellant, either "as principal or otherwise" for the Arras school for the ensuing year. From this resolution an appeal was taken by appellant to the State Board of Education, as provided by Section 3 of said Act.

The State Board, upon appeal, reversed the order of the County Board, holding that appellant was entitled to employment. After the decision of the State Board of Education the appellee Board offered appellant

a teacher's position in another capacity, at a less salary, which appellant refused.

Appellee's contention seems to be that the statute in question is prospective in its operation, and so construed it could not apply to appellant because his existing contract of employment was made before the act became effective.

■ For the purpose of this case we will assume that the statute is prospective only, but it does not follow that we must give it a retrospective effect to hold that appellant had been employed as the principal of the Arras school for the ensuing year. The language of the act in terms applies to those who were teachers employed in the schools in the state under contracts existing at the time the law became operative, but this provision only fixed the status of those who were entitled to its benefits. As the title of the Act indicates, it had reference to the future employment of teachers, and the reference to existing contracts or employment was solely for the purpose of fixing the status of those affected by the act. It did not take away or impair any vested right or create any new obligation or impose any new duty, or in any way affect the rights and duties of the parties with respect to the existing contract. The statute is not made retroactive merely because it draws upon antecedent facts, or fixes the status of a person for the purpose of its operation. Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332.

As the act was in force on the last day of the term of school it was the duty of appellee Board on that day to have given appellant the required notice, in the absence of which he was employed for the ensuing year by operation of law.

■ The cases of Falligan v. School District No. 1, 54 Mont. 177, 169 P. 803, and Owens v. Board of Education, 68 Cal.App. 403, 229 P. 881, cited by appellees, have reference to teacher tenure statutes, in which rights acquired under prior statutes were held not operative under subsequently enacted laws. We have no such question here.

As the appellant was employed by operation of law on the 18th day of April, 1941, the arbitrary act of the appellee board in discharging him in May without "good cause," notice and hearing, was unauthorized. He was entitled to a written contract, and the fact that none had been executed did not authorize his summary dismissal because of that.

The judgment of the district court is reversed and cause remanded for further proceedings not inconsistent herewith.

It is so ordered.

SADLER, MABRY and BICKLEY, JJ., concur.

ZINN, J., did not participate.