157 P.2d 234

STATE ex rel. FREEMAN v. SIERRA
COUNTY BOARD OF EDUCATION
et al.

No. 4836.

Supreme Court of New Mexico.

March 13, 1945.

Douglass K. Fitzhugh, of Hot Springs,
and H. A. Kiker and Manuel A. Sanchez,
both of Santa Fe, for appellant.

W. C. Whatley, of Las Cruces, for ap-
pellees.

BRICE, Justice.

This is an action in mandamus brought
for the purpose of compelling the appellee
Sierra County Board of Education (one of
the respondents below) to pay to the ap-
pellant (relator below) the sum of $1000
due him under a contract of employment
as principal of the public schools of Ar-
rey, Sierra County, New Mexico, for the
school year commencing in September

1941; and the further sum of $54.97 incurred as costs in a previous proceeding involving the same matter. See Freeman v. Medler, 46 N.M. 383, 129 P.2d 342. A judgment was entered for the relator in the sum of $154.97, from which he has appealed to this court.

The facts found by the court, material to a decision, are as follows:

In August 1940, the relator, Joe C. Freeman, was employed by the Sierra County Board of Education as principal and teacher at the Arrey school in Sierra County, New Mexico, for the school year of 1940-1941 at a salary of $1000.

On April 18, 1941, the Sierra County schools, including the school at Arrey, finished their terms and the relator was not notified on or prior to that date whether the Board of Education desired to continue or discontinue his services as such principal and teacher for the ensuing school year, 1941-1942; in consequence of which, and by virtue of the provisions of Ch. 202, N. M.L.1941, which became effective on April 18, 1941, relator Freeman was employed for that school year by operation of law.

On August 29, 1941, the respondent Board of Education elected the relator as fourth grade teacher in the Arrey school for that school year at a salary of $900 for the term, and so notified him. The relator rejected the offer of employment and so notified the county school superintendent, but in that letter he tendered his services to the respondent board of education at its Arrey school without prejudice to his right to insist upon reinstatement of his former contract. The offer of employment was not coupled with any requirement that its acceptance would be a waiver of the relator's right to a claim for damages resulting from his having been discharged illegally after his employment as principal of the school, nor did it result in the cancellation or rescission of his claim for damages therefor. Thereafter the relator taught as a fourth grade teacher in the school, and was paid therefor the sum of $70. He refused to continue to teach in such position and rejected the proferred contract of employment as a fourth grade teacher, but he stood ready, able and willing to perform the duties of principal under his first contract, but he was not permitted to do so.

On September 8, 1941, he instituted mandamus proceedings to compel the respondent board of education to reinstate him under his contract, which cause was determined by the Supreme Court in Freeman v. Medler, supra, in which it was determined that his discharge was unauthorized and that he was entitled to be reinstated under his contract, and that he recover costs amounting to $54.97.

In the present proceeding the parties, by agreement and stipulation before the court, have consented and agreed that the court consider the question of whether the relator is entitled to recover damages against the respondent, and in what amount, and if damages be determined, to enter judgment therefor to the same extent as though this proceeding were also brought to obtain

judgment against the respondent for damages.

And upon said facts the court made the following conclusions of law:

"1. That the respondent, Board of Education breached the contract with relator as extended by operation of law on April 18, 1941, and thereby became liable to the relator for damages in the amount of the worth of said contract, being the $1000 salary therein provided, less such sums as the relator earned, or by reasonable application might have earned, in the same or similar employment during the period of the contract.

"2. That upon the breaking and termination of said contract it became and was the duty of the relator to make reasonable effort to obtain other employment of the same or similar kind in order to mitigate the damages flowing from the breach of his said contract.

"3. That the relator, having had opportunity to obtain similar employment at the same place at a salary of $900, without being required to waive or give over his right to claim damages under the breached contract, and having rejected said proffered similar employment, is entitled to recover from the respondent, Sierra County Board of Education, as damages, only the sum of $100, being the difference between the salary set in the breached contract and the salary set in the proffered contract, together with the sum of $54.97, costs accrued in said former suit, and with the costs of this action to be taxed.

"4. Giving effect to the stipulation of the parties herein, that a preemptory written mandamus order issue directed to the Sierra County Board of Education, and commanding it and the present members thereof to budget for the amount of said judgment, to-wit, $154.97, plus the costs of this suit to be ascertained and taxed, and to pay the same to the relator as soon after budgeting therefor as the necessary funds may be realized and made available for such purpose, either through special levy or otherwise."

Appellant admits that he earned $167 during the time of his original employment and that relator should have credit for this sum. He contends that he was entitled to recover $1000, as his compensation under his original contract, plus $54.97 costs in the Supreme Court in the case of Freeman v. Medler, supra; less a credit of $167 earned during the time of his original employment, or the sum of $887.97.

Appellant, by assignment of errors, attacked some of the trial court's findings, asserting that they were not supported by substantial evidence, and the refusal of the trial court to make certain requested findings. But from the view we take of the case, all such questions are waived and one question only will determine the case, and that is whether the relator was bound to accept the proffered contract of employment as a fourth grade teacher, tendered

to him in lieu of the breached contract, for the purpose of mitigating damages.

But it is the general rule that when a teacher has been wrongfully discharged before the termination of his contract, he is not required to secure work in some other line, nor is he bound to seek or accept employment as a teacher of an inferior kind in order to mitigate damages. State ex rel. Schmidt v. District No. 2, 237 Wis. 186, 295 N.W. 36; Martin v. Board of Education, 120 W.Va. 621, 199 S.E. 887; Farrell v. School District, 98 Mich. 43, 56 N.W. 1053; Russellville Special School District v. Tinsley, 156 Ark. 283, 245 S.W. 831; Williams v. School District, 104 Wash. 659, 177 P. 635; Byrne v. Independent School District, 139 Iowa 618, 117 N. W. 983.

It is his duty to exercise reasonable diligence to minimize his damages by seeking employment of the same kind and grade, State ex rel. Schmidt v. School District, supra. Mitigation of damages, however, is an affirmative defense and its burden is entirely on the contract breaker. Martin v. Board of Education, supra.

In the case of Byrne v. School District, supra, it was held that the discharged teacher was not required to accept employment in another locality or of a different or lower grade.

In Williams v. School District, supra, it was held that one employed as a principal of schools for a specified time and wrongfully discharged, was not obliged to accept an offer of the school board of a position which would reduce him to the rank of a teacher only and subordinate to another who had formerly been under him.

We are of the opinion that the proffered employment was not of the same grade, and appellant was not bound to accept it. The trial court erred in not rendering judgment for appellant for the sum of $887.97.

The cause will be reversed and remanded with instructions to the district court to enter judgment for appellant for the sum of $887.97 and to cause to be issued a peremptory writ of mandamus to enforce it.

It is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and LUJAN, JJ., concur.