[Civ. No. 7192.   Third Dist.   Mar. 26, 1946.]

DR. E. D. BOTTS, Appellant, v. ROY E. SIMPSON, Director of Education, etc., et al., Respondents.

James H. Phillips for Appellant.

Robert W. Kenny, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal from the order of the trial court sustaining respondents' demurrer to appellant's petition for a writ of mandate and from the judgment entered pursuant thereto, the appellant having failed to amend his petition within the time provided in said order.

The pleadings and record before us disclose that on June 30, 1943, and for a period of more than three years continuously prior thereto, appellant was regularly employed as

a member of the faculty of the San Jose State College as a professor of chemistry. On that date, upon the recommendation of the respondent president of said college, appellant was reappointed by respondent Superintendent of Public Instruction and Director of Education for the next succeeding school year of 1943-1944. On December 6, 1943, respondent president of the college notified appellant in writing that it would be necessary to abolish appellant's position at the end of the 1943-1944 school year, and that therefore appellant's employment as a member of the faculty of said state college would terminate as of June 30, 1944. On January 4, 1944, appellant demanded that the termination of his employment be reviewed by respondent Board of Appeals, in accordance with article 3.5 of chapter 2, division 10, of the Education Code, comprising sections 20391 to 20394.11, which article was added to said code by the Statutes of 1943, chapter 1032, and became effective on August 4, 1943.

Instead of referring appellant's request for a review to said appeals board, respondent Director of Education referred appellant's demand to an advisory board which had been established by said respondent pursuant to a statement issued by him on April 3, 1941. On April 12, 1944, appellant was notified by respondent director that said advisory board had reviewed appellant's case in full compliance with his, the director's, statement of April 3, 1941, that the advisory board had concurred in the action taken by him, and that it was his decision that appellant's employment as a member of the faculty of said state college be terminated as of June 30, 1944.

Appellant thereupon filed a petition for writ of mandate in the superior court, asking said court to issue its order for a review by the Board of Appeals of his dismissal as a member of said college faculty in accordance with the provisions of the previously mentioned article and chapter of the Education Code, as amended, relating to dismissal and a right of review before said board. Respondents demurred to said petition on the ground that petitioner was not entitled to the benefit of said code provisions, in that his reappointment for the school year beginning July 1, 1943, was made prior to the effective date of the amendment, and therefore he was not reappointed for the year beginning July 1, 1944, the first school year during which the new tenure provisions

would be applicable. It is from the order sustaining such demurrer that petitioner has appealed to this court.

It appears that prior to August 4, 1943, all members of the teaching staffs of the various state colleges were appointed yearly, the contract of employment terminating at the expiration of each school year. However, a faculty member who had served "successfully and acceptably" (§ 5.43, School Code of 1941, which section still remains in the present code as § 20374) could, at the discretion of the State Board of Education, be appointed for a term not to exceed four years.

Section 20391 of the Education Code, the pertinent section involved in this controversy, provides as follows:

"Every employee of a State college not serving in the State civil service, including any such employee on leave of absence on June 30, 1943, but excluding any person taking the place of an employee on leave of absence, who, after having been employed full time for three consecutive school years, is reappointed for the next succeeding school year shall thereafter be deemed to be reappointed from year to year unless dismissed in the manner hereinafter provided."

Appellant contends that since he had served during three consecutive school years prior to June 30, 1943, to wit, 1940-1941, 1941-1942, 1942-1943, and since he was reappointed for the school year beginning July 1, 1943, he therefore has acquired permanent status under the provisions of said section 20391.

Contrasted with such contention is the reply of respondents to the effect that petitioner to come within said section would have to have been reappointed for the school year immediately following the effective date of the act, to wit, the year 1944-1945.

Under such circumstances a determination of the correctness of the order of the trial court sustaining said demurrer involves the interpretation of said article 3.5 of the Education Code, and particularly section 20391 which defines its scope—with special reference to the question whether or not the Legislature intended that section to be what might be termed retroactive rather than prospective in its operation.

It is a general rule of statutory interpretation that a statute will always be given prospective effect unless the intention is clearly shown that it should be considered to operate retroactively. (*Berg* v. *Traeger*, 210 Cal. 323 [292 P. 495] ; *O'Dea* v. *Cook*, 176 Cal. 659 [169 P. 366].) Our

analysis of the wording of said section, in the light of this fundamental rule, shows no clear indication on the part of the Legislature to give the amendment a retroactive effect. The section specifically provides that an employee who *"is"* reappointed for the next succeeding school year *shall thereafter* be deemed to be reappointed from year to year." (Italics added.) Had the Legislature intended that said section be given the effect contended for by appellant, it is not likely the word *"is"* would have been used, but rather the term *"has been"* or the word *"was."* (See *State* v. *Boner,* 57 W.Va. 81 [49 S.E. 944].)

In a case where a somewhat similar problem of statutory construction was involved, the Supreme Court of Tennessee has held that the word *"is,"* when used in a context showing a future intent, is likewise to be read and understood as meaning "shall be." (*Lindsay* v. *Allen,* 113 Tenn. 517 [82 S.W. 171, 172-173].) It is further to be noted that, in the code provision under consideration herein, the expression "shall thereafter," (viz., after the employee is reappointed) undoubtedly gives the term "is reappointed" a prospective quality that even the words "shall hereafter" would not confer.

The case of *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 P. 1042], cited by appellant and relied upon by him as upholding his contention, does not appear to be in point. An examination of that case discloses that the petitioner therein "was *elected . . .* without limitation as to time." The court therein further stated that no question relative to a fixed term was present. That such is a proper interpretation of the ruling of said court is supported by the comment in the later case of *Marion* v. *Board of Education,* 97 Cal. 606, at page 608 [32 P. 643, 20 L.R.A. 197], where the court stated: "In the Kennedy case, the election of the teacher was for no stated, definite time." (See, also, *Clark* v. *Board of Education,* 64 Cal.App. 757, at page 763 [222 P. 854].)

Appellant also cites the case of *Klein* v. *Board of Education,* 1 Cal.2d 706 [37 P.2d 74], as supporting the ruling in the Kennedy case and as constituting further authority for his contention. However, the Klein case related to a similar situation where a teacher, who had served a probationary period, thereafter "was elected a permanent teacher . . . without limitation as to time." The court there held that,

under such circumstances and pursuant to statutory provisions similar to those found in section 1703 of the Political Code as it existed at the time the Kennedy case was decided, the teacher acquired a permanent status.

The case of *Owens* v. *Board of Education*, 68 Cal.App. 403 [229 P. 881], appears to be more nearly in point. There, a teacher in an elementary school had been employed under the provisions of section 1609 of the Political Code. (Stats. 1917, ch. 552, p. 738.) She was first employed for the school year beginning July 1, 1919, and was thereafter automatically reemployed for the two successive years following, 1920-1921 and 1921-1922, said section in effect providing that only by giving written notice before the expiration of one school year could reemployment for the next year be prevented. On August 2, 1921, said section of the Political Code was amended by the Teachers Tenure Act (Stats. 1921, p. 1663), at which time she had performed two years of service. Under the 1921 amendment, service for two years entitled one to a permanent status. However, on May 10, 1922, she was informed by the school district she would not be reemployed for the school year 1922-1923. On appeal from a judgment of the trial court denying her petition for reinstatement as a permanent teacher, the reviewing court stated the rule to be that, "where the service has been performed prior to the effective date of the act under a contract which was, under a statute then in force, limited in its duration," no permanent status was acquired, and held that, as she had performed services under a contract executed in accordance with the existing provisions of the code which terminated with the school year 1921-1922, and as said contract had been duly terminated upon notice, it followed that the board had no legal duty to reinstate her.

We therefore conclude, as did the trial court, that the intent of the Legislature, as expressed in said section 20391, rather than giving to a state college teacher a permanent status if reappointed at any time after three successive years of employment, as contended by appellant, pertinently added as a condition to the acquisition of tenure a requirement of reemployment for the year following the enactment of said act. Doubtless this was done in order to give the appointing authority an opportunity to determine whether or not a particular teacher should be given permanent status. As the

trial court aptly stated in its memorandum of opinion, "otherwise there would be no occasion or purpose in adding the condition of reappointment."

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.