SCHOTTKY, J.
 

 James T. Branson appeals from an adverse judgment in an action in which he sought a writ of mandate to compel the Yreka Union High School District to reinstate him as a teacher in the Yreka High School.
 

 Prior to July 1, 1960, the Yreka High School was part of the Siskiyou Union High School District, a district with an average daily attendance of over 850 pupils. From July 1, 1950, to July 1, 1957, the Siskiyou District was a joint union high school district which maintained eight high schools lying not less than 6 miles apart and which had an average daily attendance of more than 850 pupils. Effective July 1, 1957, the Tulelake attendance area withdrew from the Siskiyou District; and while thereafter the Siskiyou District continued to have an average daily attendance of over 850 pupils, it no longer maintained eight schools lying not less than 6 miles apart. Effective July 1, 1960, the Yreka attendance area withdrew from the Siskiyou District to form the Yreka Union High School District.
 

 Branson taught at the Yreka High School from July 1, 1950, to July 1, 1960. On April 26, 1960, Branson was notified by the Yreka High School District that he would not be employed for the ensuing school year. In a letter dated May 3, 1960, Branson notified the Yreka District that he was a permanent certificated employee of the district and that he was ready and willing to report for duty at the usual time. At the opening of the school year his offer of services was refused and he then sought a writ of mandate to compel his reinstatement by the Yreka Union High School District. Following a trial in the superior court, the petition for a writ of mandate was denied and judgment was entered in favor of the respondents. This appeal followed.
 

 The basic question to be decided on this appeal is whether appellant Branson acquired permanent status prior to the time he was notified by the Yreka Union High School District
 
 *682
 
 that he would not be employed for the 1960-61 school year. The answer depends on whether section 13321 of the Education Code is applicable to the facts of his case and whether he had acquired permanent status prior to July 1, 1960. Section 13321 reads in part as follows: ‘1 The division, uniting, unionization, unification, or consolidation of any school district or districts, or any change in school district boundaries or organization, shall not affect the classification of certificated employees already employed by any school district affected. Such employees shall have the same status with respect to their classification by the district, including time served as probationary employees of the district after the division, uniting, unionization, unification, or consolidation, or change in school district boundaries or organization as they had prior thereto. If such division, uniting, unionization, unification, or consolidation, or change in school district boundaries or organization results in the school or other place in which any such employee is employed being maintained by another district, any such employee, if a permanent employee of the district which formerly maintained such school or other place of employment, shall be employed as a permanent employee of the district which thereafter maintains the school or other place of employment, unless such employee elects to continue in the employ of the first district. If such employee is a probationary employee of the district which formerly maintained such school or other place of employment, he may be employed by the district which thereafter maintained the school or other place of employment, and, if so employed, his status with respect to classification by such district shall be the same as it would have been had the school or other place of employment continued to be maintained by the district which formerly maintained it.” (This section and all others quoted are stated as they read prior to the 1961 amendments.)
 

 If Branson had acquired permanent status before the Yreka Union High School District was separated from the Siskiyou District, his rights would be those of a permanent teacher. This we shall now determine.
 

 Prior to July 1, 1957, the teachers in the Siskiyou District who taught at the Yreka High School were governed insofar as their tenure status was concerned by section 13308 of the Education Code. This section reads: ‘‘Every employee of a joint union or union high school district having an average daily attendance of 850 or more, maintaining eight or more high schools lying not less than six miles apart, who, after
 
 *683
 
 having been employed by the district has served for three complete consecutive school years in a position or positions requiring certification qualifications in a school having an average daily attendance of less than 850, and is re-elected to a position requiring certification qualifications, may be classified by the governing board of the district as a permanent employee of the district. If the classification is not made the employee shall not attain permanent status and may be re-elected from year to year thereafter without becoming a permanent employee until the classification is made. If the classification is not made the employee may be dismissed from the service of the district only by an unanimous vote of all the members of the governing board of the district, on the recommendation of the superintendent of schools, if there is one, of the district.”
 

 Branson never acquired permanent status while his status was controlled by this section. Upon the withdrawal of the Tulelake attendance area on July 1, 1957, section 13304 was the controlling section. This provided: “Every employee of a school district of any type or class having an average daily attendance of 850 or more, except a joint union or union high school district maintaining eight or more schools lying not less than six miles apart, who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be clasified as and become a permanent employee of the district.”
 

 We must first determine whether or not the time spent by appellant as a teacher in the Siskiyou Union High School District when the status of an employee was determined by section 13308 is to be counted as employment under section 13304 for the purpose of tenure.
 

 Permanent status or tenure may be acquired only in the manner set forth in the code. (44 Cal.Jur.2d 195.) It is clear that Branson had not acquired tenure under section 13308 of the Education Code prior to the withdrawal of the Tulelake area because he had not been given permanent status, nor had he achieved tenure under section 13303 of the Education Code because the Yreka High School had an average daily attendance of less than 850. Prior to the separation the governing authorities did not have to consider his service as
 
 *684
 
 service which would lead to permanent status. His employment was only on a year to year basis unless made permanent. Then, when the Siskiyou District lost the Tulelake area, it became subject to the rule expressed in section 13304. This states that an employee who, after having been employed in the district for three complete consecutive years in a position requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications, shall at the commencement of the succeeding school year be classified as and become a permanent employee. The legislative scheme provided for two types of school districts with an average daily attendance of over 850. In one instance permanent status was discretionary and in the other it was automatically achieved if one was rehired after three consecutive years of service in a position , requiring a certificated employee. When the Siskiyou District became subject to section 13304, it was then, and only then, that an employee could use that section to acquire permanent status.
 

 Section 13304 does not clearly spell out the result. It states that every employee of a school district having an average daily attendance of more than 850, who, after being employed by the district for three consecutive years in a position requiring certification qualifications, is reelected to a position requiring certification qualifications for the next school year becomes a permanent employee. The statute does not say that it requires three years of service after the school district has become subject to the provisions of the section. We are not aware of any decision deciding the precise question here involved but there are several decisions interpreting similar statutory language.
 

 In
 
 Owens
 
 v.
 
 Board of Education,
 
 68 Cal.App. 403 [229 P. 881], the teacher was employed for three consecutive school years beginning July 1, 1919. At the conclusion of the third year, in May 1922, she was advised that she would not be rehired. In 1921 the Teachers’ Tenure Act was amended to provide that boards of education would “classify as
 
 permanent
 
 teachers all persons who shall have been successfully employed as teachers by the district for two consecutive school years at the time of classification; ...” This provision became effective August 2, 1921. The court stated that under the statute a teacher automatically became classified as a permanent teacher at the end of two years of successful service. The court then said at page 406: “But the rule is different where the service has been performed prior to the effective
 
 *685
 
 date of the act under a contract which was, under a statute then in force, limited in its duration. In the case before us the appellant had performed her service under a contract executed in accordance with section 1609 of the Political Code (as amended 1917). (Stats. 1917, p. 737.) This contract terminated with the school year of 1921-22, but was deemed continued in force unless, before the 10th of June, the board should give the appellant notice in writing that her services would not be required for the following school year. Such notice was given and the contractual relations between the board and the teacher came to an end with the close of that school year. If the board had at any time after the act became effective continued her employment for the school year 1922-23, this would have automatically classified her as a permanent teacher and she would have thereafter enjoyed the tenure guaranteed by the act, assuming that the other conditions mentioned in the act exist—a fact which is not disputed here.”
 

 In
 
 Botts
 
 v.
 
 Simpson,
 
 73 Cal.App.2d 648 [167 P.2d 231], a teacher for three years prior to June 30, 1943, was employed in the state college system. He was employed for the 1943-44 school year. On December 6, 1943, he was informed that he would not be employed the next school year. On August 4, 1943, an amendment to the Education Code, section 20391, took effect. It provided: “Every employee of a State college . . ., who, after having been employed full time for three consecutive school years, is reappointed for the next succeeding school year shall thereafter be deemed to be reappointed from year to year unless dismissed in the manner hereinafter provided.” By this statute state college teachers were given a form of tenure. The employee contended that his reappointment for the school year commencing July 1, 1943, gave him permanent status. The respondent contended that the statute would only apply if an appointment were made for the year following the effective date of the statute. However, both parties, as well as the court, assumed that the employee’s years of service prior to the effective date of the act were properly counted in determining the required three years of consecutive service. The only dispute involved was as to when the employee might first take advantage of the provisions of the act which did not become effective until after his appointment for the then current school year of 1943-44. This court, after reviewing the facts and discussing the
 
 Owens
 
 case, said at page 652: “We therefore conclude, as did the trial
 
 *686
 
 court, that the intent of the Legislature, as expressed in said section 20391, rather than giving to a state college teacher a permanent status if reappointed at any time after three successive years of employment, as contended by appellant, pertinently added as a condition to the acquisition of tenure a requirement of reemployment for the year following the enactment of said act. Doubtless this was done in order to give the appointing authority an opportunity to determine whether or not a particular teacher should be given permanent status. As the trial court aptly stated in its memorandum of opinion, ‘otherwise there would be no occasion or purpose in adding the condition of reappointment. ’ ”
 

 In 1961 section 13304 was amended so as to give tenure rights thereunder to teachers in school districts having an average daily attendance of 250 or more instead of 850 or more as formerly. On January 11, 1962, the attorney general’s office rendered Opinion No. 61-217. (39 Ops. Cal. Atty. Gen. p. 33.) The question involved was as follows: “May service by teachers prior to the 1961 school year in school districts with an average daily attendance of 250 or more be counted in determining when the requirements of three complete consecutive years of service for the acquisition of tenure has been fulfilled?” The conclusion reached in the opinion was as follows: “A teacher employed by a school district having an average daily attendance of 250 or more who has completed three or more consecutive school years on June 30, 1962, will acquire permanent status if re-elected for the next succeeding school year (1962-63). Service by credentialed teachers prior to 1961-62 as well as service during the 1961-62 year should properly be counted in determining when the requirement of three complete consecutive school years has been fulfilled.” The attorney general’s opinion concluded:
 
 *687
 

 Botts
 
 cases, cited above, the courts held that the effect of similar statutory amendments would not have the effect of automatically applying to the employee-school district relationship until the
 
 next
 
 contract year after the effective date of the statute. Although a teacher is allowed credit for service prior to the amendment, the school board has reserved to it the ‘opportunity to determine whether or not a particular teacher shall be given permanent status’
 
 (Botts
 
 v.
 
 Simpson, supra,
 
 page 652). In other words, a teacher employed by a school district affected by the amendment to section 13304 who has completed three or more consecutive years on June 30, 1962, will automatically acquire permanent status only if the district re-elects such teacher for the 1962-63 contract term.”
 

 
 *686
 
 “This new legislation appears to have been enacted primarily for the benefit of teachers. Therefore, a reasonable construction of the legislation which will be most beneficial to teachers is proper. This factor could well lead the courts to reach the same conclusion as was reached in the
 
 Owens
 
 and
 
 Botts
 
 cases.
 

 “As indicated, the statute did not become effective until September 15, 1961. It is concluded that the 1961 amendment to section 13304 could
 
 not
 
 serve to automatically confer tenure upon teachers who had been employed by a school district with an average daily attendance of 250 or more for three consecutive years prior to September 15, 1961. In the
 
 Owens
 
 and
 

 
 *687
 
 Applying the rationale of the cited cases, we are convinced that the service of a teacher prior to the effective date of the statute does count but that the school district must rehire the teacher in the year following the enactment of the statute before the teacher can achieve tenure. The Siskiyou School District had one year after it became subject to section 13304 on July 1, 1957, to determine if it wished to rehire appellant Branson. When it rehired appellant in 1958, he gained permanent tenure as a teacher of the Siskiyou Union High School District and had permanent tenure when on July 1,1960, the Yreka High School attendance area withdrew from the Siskiyou District to form the respondent Yreka Union High School District. Having attained permanent tenure in the Siskiyou District, appellant Branson was entitled to permanent classification as a teacher of the Yreka High School at the time of the change of boundaries and organization of the Siskiyou District, which resulted in the transfer of the Yreka High School to respondent Yreka High School District under the provisions of section 13321 of the Education Code, hereinbefore set forth, which section was enacted for the preservation and protection of the tenure rights of certificated employees affected by the division, uniting, unionization, unification, or consolidation of any school district or school districts, or any changes in school district boundaries or organization.
 

 In view of the foregoing, we conclude that the trial court erred in holding that appellant Branson had not acquired tenure.
 

 The judgment is reversed with directions to the trial court to issue a peremptory writ of mandate in accordance with the
 
 *688
 
 law and the facts in the premises and in harmony with the views expressed herein.
 

 Peek, P. J., and Pierce, J., concurred.
 

 Respondents’ petition for a hearing by the Supreme Court was denied September 5, 1962.