581 P.2d 458

**Ruben LUCERO, Petitioner-Appellee,**

v.

**The BOARD OF REGENTS OF the NORTHERN NEW MEXICO STATE SCHOOL AT EL RITO, a State Educational Institution, and Frank Serrano, Respondents-Appellants.**

**No. 11760.**

Supreme Court of New Mexico.

July 11, 1978.

Toney Anaya, Atty. Gen., Patricio M. Serna, Asst. Atty. Gen., Santa Fe, for respondents-appellants.

Solomon, Roth & Van Amberg, Ronald J. Van Amberg, Santa Fe, for petitioner-appellee.

## OPINION

### McMANUS, Chief Justice.

Petitioner-appellee brought an action for an alternative writ of mandamus directed against the respondents-appellants, the Board of Regents of the Northern New Mexico State School at El Rito, New Mexico, and Frank Serrano, President of Northern New Mexico Community College, hereinafter referred to collectively as the Board. The appellee sought to compel the Board to recognize the appellee as a tenured teacher and to enter into a contract of employment for the 1977–1978 school year and to make all payments under said contract. The trial court, after a hearing, issued a permanent writ of mandamus. The Board appeals.

The appellee was employed as a certified teacher by the Board for the following school years: 1973-1974; 1974–1975; 1975–1976; and 1976–1977. At the end of the 1976–1977 school year the appellee was notified by the Board that he would not not tified by the Board that he would not not be reemployed for the 1977–1978 school year. A hearing was held before the Board at which time the appellee informed the Board that he was a tenured teacher and that he could not be refused employment for the 1977–1978 school year without the Board following the statutory procedures relating to tenured teachers. Certified School Personnel Act, § 77–8–1, *et seq.*, N.M.S.A. 1953 (Supp. 1975). The Board denied that appellee had achieved tenured status.

There is no factual dispute. The parties agree that the sole issue before the trial court and before this Court on review is whether appellee is a tenured teacher under the Certified Personnel Act, in particular, § 77–8–11, N.M.S.A. 1953 (Supp. 1975).

Section 77–8–11, as amended by Ch. 306, § 10, 1975 N.M. Laws 1769, provides:

Tenure rights.—A certified school instructor employed by a school district or a state agency for three [3] consecutive school years and having entered into an employment contract with the local school board of the school district or the governing authority of the state agency for a fourth consecutive school year acquires tenure rights with that school district or state agency.

The 1975 amendment included state agencies within its provisions. The 1975–1976 school year contract was the first contract entered into between the appellee and the Board after the 1975 amendment became effective. The trial court interpreted the 1976–1977 contract as the fourth consecutive year under § 77–8–11, and determined that the appellee was entitled to tenure rights. We agree.

■ The Board argues that the trial court applied the statutory amendment retroactively and that the same is to be applied prospectively in absence of legislative intent to the contrary. The Board is correct that this Court has held that teacher tenure laws are prospective in application. *Board of Education of City of Las Vegas v. Boarman*, 52 N.M. 382, 199 P.2d 998 (1948). However, a statute is not applied retroac-

772

tively merely because it draws upon antecedent facts for its operation. *Cox v. Hart,* 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 (1922); *Boarman, supra; Freeman v. Medler,* 46 N.M. 383, 129 P.2d 342 (1942).

In *Freeman, supra,* this Court interpreted the effect of a legislative enactment relating to a teacher's contract of employment before the effective date of the enactment. In *Freeman* a teacher-principal of a public school was discharged without the required statutory notice. The statute required written notice to each certified teacher as to whether the teacher's contract would be renewed. Failure to serve such notice was construed to be a renewal of employment. The statute became effective on April 18, 1941. On May 8, 1941, without notice or hearing the board of education refused to reemploy the teacher. The board of education argued that the statute was prospective in application and that the notice requirements could not apply to the teacher because his existing contract was made before the act became effective.

This Court held that the act only fixed the status of those entitled to its benefits. The statute was not made retroactive merely because it draws upon antecedent facts or fixes the status of a person for the purpose of its operation. *Id.* at 386, 129 P.2d at 344; *Cox, supra.* The teacher was found to be entitled to the statutory notice.

The reasoning of *Freeman* has also been adopted in California decisions. In *Botts v. Simpson,* 73 Cal.App.2d 648, 167 P.2d 231 (1946) the California statutes on tenure were held to operate prospectively. The applicable statute provided for tenure rights after employment for three consecutive years and reappointment for the next succeeding year. In *Botts* the teacher was reappointed for the fourth year prior to the effective date of the legislation. The court held that the teacher was not entitled to tenure. In order for a teacher to benefit from the tenure act the teacher must enter into employment after the act became effective. *See Owens v. Board of Education of City of Santa Cruz,* 68 Cal.App. 403, 229 P. 881 (1924).

In *Branson v. Board of Trustees of Yreka Union High Sch. Dist.,* 205 Cal.App.2d 680, 23 Cal.Rptr. 288 (1962) the court held that service of a teacher prior to the effective date of the tenure statute does count but that the school district must rehire the teacher in the year following the enactment of the statute before the teacher can achieve tenure.

In the case at bar the appellee was employed for three consecutive years and entered into a contract for the fourth consecutive year after the effective date of § 77–8–11. The years of service prior to the effective date of the amendment can be counted towards the required number of years of employment provided that a contract is entered into after the effective date of the amendment. This construction does not require the statute to operate retroactively. *Cox, supra; Freeman, supra; Botts, supra.*

The trial court's judgment is affirmed.
IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.