920 P.2d 1052

**GADSDEN FEDERATION OF TEACHERS, Joe Najera, Maribel Burrola, Eva Calderon, Lupe Corona, Gloria Flores, Angie Perez, Leticia Retana, Judith Andrews, Candelaria Ortega, Maria Elena Amezola, Ronald Galla, Elvira Holguin, Alicia Ortiz, Sara Ruiz, Rosie Carreon, Ana Garcia, Victoria Tovar, Rachel Chavez, Sandra Villa, and Carmen Mendoza, Petitioners–Appellees,**

**v.**

**The BOARD OF EDUCATION OF the GADSDEN INDEPENDENT SCHOOL DISTRICT, and Roger Parks, Superintendent of Schools, Respondents–Appellants.**

**Nos. 16703, 16732.**

Court of Appeals of New Mexico.

May 31, 1996.

Thomas R. Figart, Las Cruces, for Appellees.

John F. Kennedy, David B. Lawrenz, Simons, Cuddy & Friedman, L.L.P., Santa Fe, for Appellants.

## OPINION

HARTZ, Judge.

(1) In 1994 tenure rights previously granted only to certified school instructors were extended to almost all public school employees. The legislature amended the New Mexico School Personnel Act to provide:

> A local school board or governing authority may not terminate an employee who has been employed by a school district or state agency for three consecutive years without just cause.

Section 22–10–14(D) (Cum.Supp.1995). *But see* NMSA 1978, § 22–10–16 (Cum.Supp. 1995) (excluding some classes of employees). Non-certified employees were also granted various procedural rights previously granted only to certified instructors. *See* §§ 22–10–14; 22–10–14.1 (Cum.Supp.1995). Because the 1994 legislation stated no effective date and contained no "emergency clause" that would cause it to take effect immediately, the amendment went into effect on May 18, 1994, ninety days after the adjournment of the legislative session. *See* N.M. Const. art. IV, § 23 (establishing effective date for legislation).

(2) This appeal raises one question of substantive law: Does the amendment protect a non-certified public school employee who was terminated a few days after the effective date of the amendment when the termination was authorized by the terms of a contract that predated the effective date? We hold that it does not.

## I. BACKGROUND

(3) The individual Appellees (the Employees) were all non-certified employees of the Gadsden Independent School District who were completing at least their third consecutive year of employment as of May 1994. All had the same written contract with the district's board of education (the Board). The contract provided that employment was terminable at the will of either party, without cause, on ten days' written notice. The contracts terminated in any event at the end of the school year.

(4) On May 12, 1994 the Board voted to terminate the employment of all the Employees. Written notice of the Board's decision was mailed to the Employees on May 25, 1994.

(5) On November 30, 1994 Employee Joe Najera and the Gadsden Federation of

Teachers (the Federation) petitioned the district court for an order of mandamus compelling the Board and school superintendent Roger Parks (the Appellants) to grant Najera and the other Employees back pay and benefits and either rehire them or afford them the procedural protections of the 1994 amendments to the School Personnel Act. In the alternative, if mandamus relief was denied, they sought a declaratory judgment regarding the rights of the Employees under the amendments. The other Employees later joined as parties.

(6) On July 12, 1995, after conducting a hearing, the district court entered an Order of Mandamus and For Declaratory Judgment (the July Order), ordering the Appellants to grant Najera a hearing and declaring that the 1994 amendments to the School Personnel Act applied to the Employees. The court reserved ruling on the issue of damages. The Appellants filed a notice of appeal from the court's order. Three weeks later the district court granted the Appellants' unopposed motion for an order permitting the Appellants to seek authorization from this Court to pursue an interlocutory appeal from the July Order. *See* NMSA 1978, § 39–3–4 (Repl.Pamp.1991); SCRA 1986, 12–203 (Repl. 1992). The Appellants then applied to this Court for an interlocutory appeal.

## II. PROCEDURAL MATTERS

(7) Before discussing the merits, we dispose of several procedural matters. First, our calendar notice placing this appeal on the Court's general calendar, *see* SCRA 12–210 (Repl.1992) (describing court calendars), requested the parties to address whether the July Order was a final order. Appeals are permitted as of right only from final orders. *See Principal Mut. Life Ins. Co. v. Straus,* 116 N.M. 412, 413, 863 P.2d 447, 448 (1993). In general, an order is not final unless the case is fully resolved. *Id.* On its face the July Order does not appear to be final because it reserves the assessment of damages for further proceedings. *See id.* at 413–14, 863 P.2d at 448–49. Our Supreme Court has noted, however, that some federal courts "consider a judgment final even though damages are not fully calculated if

the calculation of damages is purely ministerial or formulaic." *Id.* at 414, 863 P.2d at 449.

(8) In any event, on this appeal we need not resolve whether to adopt the federal exception and, if so, whether it would apply here. The Appellants not only appealed from the July Order, they also filed a proper application for an interlocutory appeal. We note that all parties request that we address the merits at this time. We grant the application. Hence, this Court undoubtedly has jurisdiction to review the July Order. There remains no occasion for us to determine whether the order was a final, appealable order.

(9) The Appellants also contend that the Federation had no standing to participate in the mandamus action in its own right or on behalf of its members. *See generally United Food & Commercial Workers Union Local 751 v. Brown Group,* — U.S. —, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996) (No. 95–340). The issue, however, appears to be inconsequential. The same counsel represents the Federation and the Employees. The Federation seeks no relief that is not sought by the Employees. Because we fail to see in what manner Appellants would benefit from dismissing the Federation as a party, we do not address the issue. *See Montana Coalition for Stream Access v. Curran,* 210 Mont. 38, 682 P.2d 163, 171 (1984); *Fulcher v. Texas State Bd. of Pub. Accountancy,* 571 S.W.2d 366, 372 (Tex.Civ.App.), *error refused* (Dec. 20, 1978).

(10) Finally, Appellants contend that regardless of the merits on the substantive issue before us, Appellees have not stated proper grounds for mandamus or declaratory relief. Because we hold that Appellants should prevail on the merits, we need not address these contentions. We now turn to the merits.

## III. MERITS

(11) The Board mailed termination notices to the Employees on May 25, 1994. The Employees' contracts with the Board were terminable on ten days' written notice. Thus, termination was effective on June 4, 1994. Under the 1994 amendments to the

School Personnel Act the Board could not terminate an employee who had been employed for three consecutive years except for just cause and in accordance with certain procedural requirements. The effective date of the amendments was May 18, 1994. The district court concluded that the amendments therefore applied to the terminations of the Employees. We disagree.

(12) We base our decision on general principles of statutory interpretation. Consequently, we need not consider Appellants' contention that applying the 1994 amendments to the terminations in this case would violate the constitutional provision prohibiting any "law impairing the obligation of contracts." N.M. Const. art. II, § 19.

(13) We start from the presumption "that statutes and rules apply prospectively absent a clear intention to the contrary." *Howell v. Heim*, 118 N.M. 500, 506, 882 P.2d 541, 547 (1994). No such "clear intention" appears in the language of the amendments. *See* 1994 N.M.Laws, ch. 110. The effective date by itself would rarely suggest that a statute applies retroactively. The effective date merely sets the temporal dividing line between prospective and retroactive application. Here, the fact that the effective date was during the school year carries no inference regarding the retroactivity of the legislation. The effective date was not set forth in the 1994 legislation itself, *see id.*, but was determined by a general constitutional provision, *see* N.M. Const, art. IV, § 23. Therefore, we apply the presumption.

(14) Although the presumption of prospectivity appears straightforward, confusion often arises as to what retroactivity means in particular contexts. *See generally Landgraf v. USI Film Prods.*, 511 U.S. 286, 290–294, 114 S.Ct. 1522, 1524–26, 128 L.Ed.2d 229 (1994) (Scalia, J., concurring). Fortunately, however, our Supreme Court has provided guidance for the present situation. "A statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions." *Howell,* 118 N.M. at 506, 882 P.2d at 547.

(15) In this case the Board had contracts with the Employees for the 1993–94 school year which permitted the Board or the Employee to terminate the employment upon ten days' notice. The Board thus had a vested right during the 1993–94 school year to terminate the Employees upon ten days' notice. Following *Howell,* we must presume that the statute, which became effective shortly before the end of the school year, did not impair that right.

(16) Our conclusion finds support in the case law. In *Lucero v. Board of Regents,* 91 N.M. 770, 772, 581 P.2d 458, 460 (1978), the Court wrote: "In order for a teacher to benefit from the tenure act the teacher must enter into employment after the act became effective. *See Owens v. Board of Education,* 68 Cal.App. 403, 229 P. 881 ([Cal.Ct.App.] 1924)." In other words, the tenure act would not apply to a teacher working under a contract entered into before the act became effective. The cited case, *Owens,* makes the point clearly. Owens was in her third consecutive year of teaching for the school district when a statute went into effect that required school boards " '[t]o classify as permanent teachers all persons who shall have been successfully employed as teachers by the district for two consecutive school years at the time of classification....' " *Id.* 229 P. at 882 (quoting California Teachers' Tenure Act) (emphasis deleted). Several months after the statute went into effect the school board notified Owens that she had not been reelected as a teacher in the district. The court held that Owens was not entitled to the tenure rights of a permanent teacher. According to the court, she would have acquired tenure rights only "[i]f the board had, at any time after the act became effective, continued her employment for the [following] school year." *Id.*

(17) Returning to New Mexico case law, in *Southwest Distributing Co. v. Olympia Brewing Co.,* 90 N.M. 502, 565 P.2d 1019 (1977), our Supreme Court held that the New Mexico Franchise Act, which restricted terminations of franchise agreements, did not govern a contract in effect before the effective date of the act. The Court wrote: "If there was a written contract effective before

April 11, 1975 [the effective date of the statute] then the termination provisions in the contract would control, but any subsequent amendment, renewal or new contract would be subject to the Franchise Act." *Id.* at 508, 565 P.2d at 1025; *accord Rudolph Rosa, Inc. v. Latrobe Brewing Co.*, 500 A.2d 1194, 1199–1200 (Pa.Super.Ct.1985), *appeal denied* (Oct. 2, 1986).

(18) The authority relied upon by Appellees is distinguishable. Appellees contend that the district court's decision does not constitute a retroactive application of the statute because "[a] statute or rule is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to the date." *Howell*, 118 N.M. at 506, 882 P.2d at 547 (internal quotations deleted). This statement of the law is correct, but we do not agree that it controls here.

(19) If a newly enacted statute applies to 18–year–olds—for example, by requiring them to register for the draft—it is not retroactive simply because those governed by the act may have lived 17 of their 18 years prior to its enactment. Likewise, if a statute imposes a duty on school districts with respect to employees who have worked for the district for at least three consecutive years, the statute does not operate retroactively when it applies to employees whose three years of service include a period of time prior to the statute's enactment. Thus, in the present case the application of the 1994 amendments to employees whose three years of service predated 1994 would not in itself be a retroactive application of the statute. But the fact that application of a statute would not be retroactive in one respect does not foreclose the possibility that it is retroactive in another respect. Here, the application of the statute to Appellees would be retroactive because it would be an application of the statute in derogation of vested rights of the school district.

(20) The decisions relied upon by the Appellees make the same distinction. In *Lucero*, which we have previously cited in support of our holding, the teacher was informed at the end of the 1976–77 school year that he would not be reemployed for the 1977–78 year. He had been employed by the school district since the 1973–74 school year. During the 1975–76 school year the state legislature enacted a tenure law which provided for tenure after three consecutive years of employment and a contract for a fourth year. Our Supreme Court held that the statute applied to the teacher because the requirement of three years of prior service could include service prior to the enactment of the tenure statute. The Court held that "[t]his construction [of the statute] does not require the statute to operate retroactively." *Id.* at 772, 581 P.2d at 460. Essential to the result, however, was that when the teacher entered into his contract for the fourth year, the statute was already in effect. *Id.*

(21) This point is made more explicitly in the other decision relied upon by Appellees, *Freeman v. Medler*, 46 N.M. 383, 129 P.2d 342 (1942). The statute in question provided that a teacher's contract was deemed to be renewed for the next school year unless the school board served notice of non-renewal within 15 days after the close of the current school year. The statute's effective date was the last day of the 1940–41 school year. More than 15 days later the school board notified Freeman, a teacher and principal, that he would not be reemployed for the 1941–42 school year. The Supreme Court ruled that the statute applied, so the board was required to rehire Freeman. On the subject of retroactivity the Court wrote:

For the purpose of this case we will assume that the statute is prospective only, but it does not follow that we must give it a retrospective effect to hold that appellant had been employed as the principal ... for the ensuing year. The language of the act in terms applies to those who were teachers employed in the schools in the state under contracts existing at the time the law became operative, but this provision only fixed the status of those who were entitled to its benefits. As the title of the Act indicates, it had reference to the future employment of teachers, and the reference to existing contracts or employment was solely for the purpose of fixing the status of those affected by the act. *It did not*

*take away or impair any vested right or create any new obligation or impose any new duty, or in any way affect the rights and duties of the parties with respect to the existing contract.* The statute is not made retroactive merely because it draws upon antecedent facts, or fixes the status of a person for the purpose of its operation.

*Id.* at 386, 129 P.2d at 344 (emphasis added). The key distinction between *Freeman* and the present case is that applying the statute in this case would "affect the rights and duties of the parties with respect to the existing contract."

(22) We hold that the district court erred in giving retroactive effect to the 1994 amendment.

## IV. CONCLUSION

(23) We reverse the judgment of the district court and remand for entry of a judgment dismissing the claims of Appellees.

(24) **IT IS SO ORDERED.**

APODACA, C.J., and BOSSON, J., concur.