FILED
United States Court of Appeals
Tenth Circuit

February 7, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER SCHANZENBACH,

     Plaintiff - Appellant,

v.

TOWN OF LA BARGE, WYOMING,
a Wyoming municipal corporation;
DIANE SAKAI; VICKY JACOBSON;
JENNIFER DECKER; LARRY
STEPP; LERETA WALTON,

     Defendants - Appellees.

No. 12-8014

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. NO. 1:11-CV-00082-ABJ)**

---

Eric P. Lee (Kathleen E. McDonald and Stephen C. Clark, pro hac vice, on the
briefs), Jones Waldo Holbrook & McDonough PC, Salt Lake City, Utah, for
Plaintiff - Appellant.

Richard Rideout, Law Offices of Richard Rideout, PC, Cheyenne, Wyoming, for
Defendants - Appellees.

---

Before **LUCERO**, **HARTZ**, and **MATHESON**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

Plaintiff Roger Schanzenbach sought to install mobile manufactured homes on two properties he owned in the town of LaBarge, Wyoming. The town council initially granted him a building permit for one property but revoked it about two weeks later and then enacted an ordinance that included a provision banning the installation of any manufactured home older than 10 years at the time of the relevant permit application (the 10-Year Rule). Both of Schanzenbach's manufactured homes were more than 10 years old. The town council denied Schanzenbach's later applications for a building permit, a variance, and a conditional-use permit to enable him to install the homes despite the 10-Year Rule.

Schanzenbach brought an action against LaBarge and its town council in the United States District Court for the District of Wyoming. He asserted a variety of constitutional claims as well as a claim that the 10-Year Rule was preempted by the National Manufactured Housing Construction and Safety Standards Act of 1974 (the Manufactured Housing Act). The district court awarded summary judgment to the defendants. Schanzenbach's appeal raises arguments regarding the Fifth Amendment's Takings Clause, procedural due process, preemption, municipal authority to enact the 10-Year Rule, and attorney fees. We hold that the takings claim is unripe, the due-process claim fails because Schanzenbach did not have a protected property interest, the 10-Year

Rule was not preempted, the town had authority to enact the rule, and the attorney-fee issue is moot.

## I. BACKGROUND

Schanzenbach owned two properties in LaBarge referred to as the Groves Addition lot and the Piper's Way lot. In June 2006 he bought a mobile manufactured home to place on the Groves Addition lot and a similar home to place on the Piper's Way lot. Both homes were more than 10 years old. On November 14, 2006, Schanzenbach, through his agent, filed an application with LaBarge for a building permit to install one of the homes on the Groves Addition lot. The application form stated that the permit "may be suspended or revoked if issued in error or on the basis of incorrect information supplied by the applicant." Aplt. App. at 43. The LaBarge town council approved the building permit at its regular meeting the next day.

Less than two weeks later, the town council held a special meeting. The attendees noted that Schanzenbach was attempting to install a manufactured home in an area zoned R-2 and that his proposed use required him to obtain a conditional-use permit rather than the normal building permit that he had been issued. The day after the meeting, in a letter dated November 28, 2006, Defendant Diane Sakai, in her capacity as mayor, sent Schanzenbach's agent a letter advising him that the building permit for the Groves Addition lot had been revoked. Sakai's letter explained the decision as follows:

LaBarge town council met in quorum last night, Monday, November 27, 2006, regarding planning and zoning issues. During that meeting, we discussed your building permit for the Schazenbach [sic] property Lot 10, Block 3, Groves addition. It was brought to our attention that this would be the only singlewide trailer in that block. In consideration of that fact, we have decided to revoke your permit.

As this subdivision has been purchased by the town, and the design from the start has been to protect property values of current home owners. With that, it has been decided not to allow this singlewide trailer to become a part of that subdivision. As you know, mobile homes are not a permitted use in R-2 zoning. To allow this use would require a conditional use permit, which we believe is not in the best interest of the surrounding property owners.

*Id.* at 69. Neither Schanzenbach nor his agent was given notice before the town's revocation of the building permit. Schanzenbach admits that in the two-week period between issuance of the building permit and its revocation he made no expenditures with respect to the Groves Addition lot.

Also during the Fall of 2006, the town council enacted Ordinance 2006-16. The ordinance was passed and approved on first reading on October 18, on second reading on November 27, and on third and final reading on December 13. The ordinance contains the 10-Year Rule, which requires buildings brought into LaBarge to be no more than 10 years old at the time of the permit application. The Rule provides:

Any building moved into the town to be placed on any lot or space, to be used with or without a permanent foundation, shall be no more than ten (10) years of age at the time of application. Construction or manufactured date of the building must be ten (10) years or less from the time of application for placement in the town. Proof of

construction or manufactured date must be provided at time of application.

*Id.* at 71.   The ordinance took effect on December 23, 2006.

Following the enactment of Ordinance 2006-16, Schanzenbach applied for a building permit to install one of his manufactured homes on the Piper's Way lot. His application was denied.  Schanzenbach says that the 10-Year Rule was the reason for this denial.  He also filed applications for a variance and a conditional-use permit to install a manufactured home on the Groves Addition lot, both of which were denied as well.

In March 2011 Schanzenbach filed a complaint in the United States District Court for the District of Wyoming, naming as defendants the Town of LaBarge, Mayor Sakai, and four other members of the town council (collectively, Defendants).  He is suing the individual Defendants only in their official capacities.  Schanzenbach's complaint claims (1) that the revocation of his building permit without compensation was an unconstitutional taking; (2) that by adopting Ordinance 2006-16 the town violated his constitutional rights under the Commerce Clause, the Fourteenth Amendment, and the Privileges and Immunities Clause; (3) that the ordinance was preempted by the Manufactured Housing Act, *see* 42 U.S.C. §§ 5401–5426; and (4) that the town had intentionally interfered with his economic relations with the prospective renters of the manufactured homes.  He sought damages, attorney fees, and declaratory and injunctive relief.

Defendants moved for summary judgment on all claims, and Schanzenbach filed a motion for partial summary judgment. The district court granted summary judgment in favor of Defendants. The court held that Schanzenbach could not prevail on his takings or due-process claims because under Wyoming law he had acquired no vested property interest in the building permit. It further held that Ordinance 2006-16 did not place an excessive burden on interstate commerce and did not violate the Fourteenth Amendment's Privileges and Immunities Clause because it did not discriminate against nonresidents and had been applied evenhandedly. As for Schanzenbach's claim that Ordinance 2006-16 was preempted by the Manufactured Housing Act, the court held that the 10-Year Rule was not preempted because the record contained no evidence that the rule related to anything other than "the aesthetic quality of the community and preservation of surrounding property values, which have nothing to do with safety or construction." Aplt. App. at 14 (footnote omitted). Finally, the court ruled that the Wyoming Governmental Claims Act, *see* Wyo. Stat. Ann. §§ 1-39-101 to -121 (2012), had not waived the town's immunity from state-law tort claims for interference with economic relations.

Schanzenbach raises four arguments on appeal: (1) that the district court erred in holding that he had no vested property right in the building permit, making summary judgment on his takings and due-process claims inappropriate; (2) that the court erred in holding that the Manufactured Housing Act does not

preempt the 10-Year Rule; (3) that the town lacked authority under state law to enact the 10-Year Rule; and (4) that the court erred in awarding attorney fees.

## II.    DISCUSSION

### A.    Takings

Schanzenbach argues that the district court erred in granting summary judgment on his takings claim. The court held that the claim could not succeed as a matter of law because Schanzenbach had failed to establish that he had a protected property interest in the building permit for the Groves Addition lot before the town council revoked it in November 2006. We do not address the takings claim on the merits, however, because it is not ripe.

The doctrine of ripeness "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004) (internal quotation marks omitted). It "asks whether the challenged harm has been sufficiently realized at the time of trial." *Id.* Although similar to standing, ripeness "focuses not on whether the plaintiff was in fact harmed, but rather [on] whether the harm asserted has matured sufficiently to warrant judicial intervention." *Id.* (internal quotation marks omitted). Ripeness "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). "Accordingly, [it] can be raised at any time, even by the court sua sponte for the first time on

appeal." *Utah v. U.S. Dep't of Interior*, 210 F.3d 1193, 1196 n.1 (10th Cir. 2000).

The Supreme Court has held that a claim under the Takings Clause of the Fifth Amendment is not ripe until two conditions have been satisfied. First, it is necessary that "the government entity charged with implementing the [challenged] regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). This requirement of final agency action is a general requirement for ripeness, not peculiar to takings claims, *see, e.g.*, *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1064–65 (10th Cir. 2012), although in the takings context a court may require special efforts to determine precisely what restrictions on property interests have been imposed, so that it can properly evaluate whether a taking has occurred. *See Williamson*, 473 U.S. at 190–91. Thus, a takings claim may be dismissed as unripe if the plaintiff has not requested a variance from the challenged property restriction. *See id.* at 190–91; *Bateman v. City of West Bountiful*, 89 F.3d 704, 706–08 (10th Cir. 1996).

Second, the plaintiff must have sought just compensation through the available state procedures and been denied relief. *See Williamson*, 473 U.S. at 194–95. This requirement follows from the nature of a takings claim. The Takings Clause "does not prescribe the taking of property; it proscribes taking

-8-

without just compensation." *Id.* at 194. There is no violation of the Clause unless compensation is denied. Accordingly, a takings claim may be unripe if state law permits a property owner to obtain compensation for the value of the taken property through an action for inverse condemnation but the plaintiff has neither pursued such an action to its completion nor shown that the remedy would be inadequate. *See id.* at 196–97; *Alto Eldorado P'ship v. Cnty. of Santa Fe*, 634 F.3d 1170, 1177 (10th Cir. 2011).

Although Schanzenbach has met the first condition of *Williamson*'s ripeness test, he has plainly failed to meet the second. Wyoming law allows an aggrieved property owner to file an inverse-condemnation action in state court against a defendant that has taken or damaged his land or diminished its use or value, provided that the defendant has the power of eminent domain. *See* Wyo. Stat. Ann. § 1-26-516 (2012). Municipalities in Wyoming enjoy that power. *See id.* § 15-1-103(a)(xxxv) (2012). We have previously dismissed a federal takings claim as unripe because the plaintiffs had a pending inverse-condemnation action under Wyoming law but had "not yet been turned away empty-handed." *Miller v. Campbell Cnty.*, 945 F.2d 348, 352 (10th Cir. 1991). The record indicates that Schanzenbach has not even filed such an action against the town; and we see no reason why Wyoming's inverse-condemnation law would not provide an adequate remedy for a taking of Schanzenbach's property rights.

## B. Procedural Due Process

The town council granted Schanzenbach a building permit at a regular meeting in mid-November 2006. Less than two weeks later, at a special meeting, it revoked the permit without giving Schanzenbach notice. He contends that this revocation violated the Due Process Clause because it deprived him of a protected property interest without affording him constitutionally adequate procedure.

Before addressing this claim, we must consider whether it is ripe. *Bateman* said that "the ripeness requirement of *Williamson* applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim." 89 F.3d at 709. We held that Bateman's due-process and equal-protection claims were unripe because they were "subsumed within the more particularized protections of the Takings Clause." *Id.* (brackets and internal quotation marks omitted). Explaining this ripeness principle, we expressed our reluctance "in the context of a factual situation that falls squarely within the Takings Clause to impose new and potentially inconsistent obligations upon the parties under the substantive or procedural components of the Due Process Clause," and we followed the Supreme Court's lead in rejecting a "substantive due process challenge[] where the allegedly illegal government action was clearly encompassed by some other, more specific, enumerated constitutional right." *Id.* (brackets and internal quotation marks omitted). We have repeatedly relied on this ripeness principle to dismiss due-process claims, both procedural and substantive, that arose from the same facts as takings claims that were unripe.

*See Rocky Mountain Materials & Asphalt, Inc. v. Bd. of Cnty. Comm'rs*, 972 F.2d 309, 311 (10th Cir. 1992) (noting that the procedural-due-process claim alleged a property deprivation that was "exactly the same one that Rocky Mountain asserts has resulted in the complete taking of its property without just compensation"); *J.B. Ranch, Inc. v. Grand Cnty.*, 958 F.2d 306, 309 (10th Cir. 1992) ("We do not find anything in the record which dictates a due process analysis above and beyond our consideration of Plaintiff's Just Compensation Clause claim." (footnote omitted)); *Miller*, 945 F.2d at 352 n.6 ("We need not address whether a taking might ever violate substantive or procedural due process without violating the Just Compensation Clause. We hold only that there is nothing in this record that would warrant a separate due process analysis over and above a consideration of the plaintiffs' more precise claims based on the Just Compensation Clause.").

But Schanzenbach's procedural-due-process claim against Defendants is factually and conceptually distinct from his takings claim. Whereas the takings claim alleges that the town council deprived Schanzenbach of his property without just compensation when it revoked his building permit and then passed the 10-Year Rule, the due-process claim relates to the denial of an opportunity to argue against revocation. The takings claim would be the same even if he had received notice of the meeting at which his permit was revoked and had been given an opportunity to argue against revocation. And the due-process claim does not depend on whether revocation of the permit constituted a compensable taking.

*See Fed. Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1196–97 (10th Cir. 1999) (although grazing permit is not "property" under the Takings Clause, it may be a property interest protected by Due Process Clause (internal quotation marks omitted)); *Burns v. Pa. Dep't of Corr.*, 544 F.3d 279, 285–86 n.3 (3rd Cir. 2008) (meaning of "property" under Due Process Clause is "a distinct inquiry" from its meaning under Takings Clause (internal quotation marks omitted)). Indeed, if the town council deprived Schanzenbach of his right to fair process by denying him notice and a hearing, he would be entitled to relief (albeit only a nominal recovery) even if it were certain that compliance with constitutionally required procedures would not have changed the council's decision. *See Carey v. Piphus*, 435 U.S. 247, 266–67 (1978). (And, of course, injunctive and declaratory relief could moot the need for compensation under the Takings Clause.) Schanzenbach's procedural-due-process claim does not require us to create any obligation on LaBarge inconsistent with its duties under the Takings Clause or to impose new duties (relating to notice and an opportunity to be heard) beyond those imposed by a constitutional provision specifically addressing the matter. The rule described in *Bateman* therefore is inapplicable. And we see no ground for ruling that Schanzenbach's procedural-due-process claim is unripe. His claim is similar to the procedural-due-process challenge to the denial of building permits that we found ripe in *Landmark Land Co. v. Buchanan*, 874 F.2d 717, 723 (10th Cir. 1989), *abrogated on other grounds by*

-12-

*Fed. Lands Legal Consortium*, 195 F.3d at 1195, even though the takings claim in that case was unripe under *Williamson*. We further note that our conclusion is consistent with our precedent of considering procedural-due-process claims of property owners without inquiring whether a takings claim (not raised by the owners) would have been ripe. *See Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022 (10th Cir. 2011) (rejecting due-process challenge to zoning decision that prevented plaintiffs from developing land as a car dealership); *Norton v. Vill. of Corrales*, 103 F.3d 928 (10th Cir. 1996) (due-process and equal-protection challenges to denial of plat approval). Thus, Schanzenbach's procedural-due-process claim is ripe, and we now turn to its merits.

The Fourteenth Amendment forbids the government from depriving a person of his property "without due process of law." U.S. Const. amend. XIV, § 1. A claim of denial of procedural due process requires that the plaintiff have a constitutionally protected property interest that was injured or revoked without proper procedural protections. *See Pater*, 646 F.3d at 1293. "Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* at 1294 (internal quotation marks omitted). The district court granted summary judgment on the due-process claim because it held that under Wyoming law Schanzenbach did not have a protected property interest in the building permit.

We agree with the district court. In Wyoming the holder of a building permit or the like has no property right in the permitted use until he has relied to his detriment on the permit. *See Ebzery v. City of Sheridan*, 982 P.2d 1251, 1256–57 (Wyo. 1999). Schanzenbach has presented no evidence of detrimental reliance on the building permit for the Groves Addition lot during the two-week interval between approval and revocation of the permit. He admits that he made no expenditures on the property, made no improvements to the property, and entered into no contracts related to the property. Hence, he acquired no vested property interest in the permit before the town council revoked it.

Schanzenbach insists that his right to place manufactured homes on the Groves Addition lot vested when the building permit issued because he had already made substantial expenditures in reliance on the town's existing zoning laws, which did not categorically forbid manufactured homes in areas zoned R-2. He argues that his lack of reliance between issuance and revocation is irrelevant because the town council, in issuing the permit, effectively ratified his prior expenditures. But he cites no Wyoming case adopting such a ratification theory, and Wyoming case law does not support a claim that expenditures before issuance of the permit could create a property interest. In *Ebzery*, for example, the plaintiff landowners obtained a variance to build a fence on their property, but several neighbors appealed the city's grant of the variance. *See* 982 P.2d at 1253. While the appeal was pending, the plaintiffs spent a substantial amount in reliance

-14-

on the variance, and they argued to the Wyoming Supreme Court that their expenditures had given them a vested right to build the fence. *See id.* at 1256–57. The court rejected that argument, explaining that "a property owner must act in good faith to acquire vested rights in a variance, and the reliance on the variance *must be reasonable*." *Id.* at 1257 (emphasis added). To rely on a variance whose validity was still being appealed, the court held, was "inherently unreasonable." *Id.* Rather than creating a vested property right, the plaintiffs' expenditures had simply been "a calculated risk." *Id.*

The "calculated risk" is even greater when a variance or conditional-use permit has not yet been issued. Although Schanzenbach is apparently correct that LaBarge's ordinances did not completely forbid manufactured homes in R-2 zoning, he admits that installation of such a home required a conditional-use permit. And issuance of a conditional-use permit plainly calls for the exercise of discretion. In particular, the application for a conditional-use permit asks the applicant four questions: (1) "Will granting the conditional use permit contribute to an overburdening of County services?"; (2) "Will granting the conditional use permit cause undue traffic, parking, population density or environmental problems?"; (3) "Will granting the conditional use permit impair the use of adjacent property or alter the character of the neighborhood?"; and (4) "Will granting the conditional use permit detrimentally affect the public health, safety, and welfare?" Aplt. App. at 84–85. The town council, in considering an

-15-

applicant's responses to these questions, must consult its own judgment whether the criteria have been met; it is not bound to reach a particular outcome. *Cf. Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 970 (10th Cir. 2007) ("[W]here the governing body retains discretion and the outcome of the proceeding is not determined by the particular procedure at issue, no property interest is implicated." (internal quotation marks omitted)). We are confident that the Wyoming courts would not say that Schanzenbach's pre-issuance expenditures gave rise to a vested right in the building permit the moment it was issued.

We thus agree with the district court that Schanzenbach had no protected property interest in the right to place manufactured homes on his lots in LaBarge. The court properly granted summary judgment on the due-process claim.

## C. Preemption of the 10-Year Rule

Schanzenbach argues that the district court erred in granting summary judgment on his claim that the 10-Year Rule was preempted by the Manufactured Housing Act. In a companion case also brought by Schanzenbach, we have held today that the Act did not preempt a local ordinance prohibiting the installation of manufactured homes older than 10 years at the time of the permit application. *See Schanzenbach v. Town of Opal*, No. 11-8093, slip op. at 6–14 (10th Cir. Feb. 7, 2013). Except for minor differences in wording that are not relevant to preemption analysis, LaBarge's 10-Year Rule is identical to the local rule in that

case. We therefore hold that the Manufactured Housing Act does not preempt LaBarge's 10-Year Rule.

### D. LaBarge's Authority to Enact the 10-Year Rule

Schanzenbach argues that LaBarge lacked authority under Wyoming law to enact the 10-Year Rule. This claim did not appear in Schanzenbach's complaint; instead it appears to have been advanced for the first time in his memorandum opposing summary judgment. The claim is meritless.

Schanzenbach's argument hinges on Wyo. Stat. Ann. § 15-1-601 (2012), which lists various zoning measures that are within a municipality's power to enact. Pointing out that an age restriction like the 10-Year Rule is not listed in the statute, he concludes that "the Wyoming Legislature has not given towns the authority to adopt zoning regulations that restrict the age of manufactured homes." Aplt. Br. at 31. We are not persuaded. The Wyoming constitution establishes a baseline rule that municipalities should be allowed to govern their own affairs unless affirmatively contradicted by state law. It provides: "All cities and towns are hereby empowered to determine their local affairs and government as established by ordinance passed by the governing body, subject to referendum when prescribed by the legislature, and further subject only to statutes uniformly applicable to all cities and towns." Wyo. Const. art. 13, § 1(b) (2008). The provision further states that a municipality's powers "shall be liberally construed for the purpose of giving the largest measure of self-government to cities and

-17-

towns." *Id.* § 1(d). The Wyoming Supreme Court has described these provisions as broadly instating a regime of "home rule." *Frank v. City of Cody*, 572 P.2d 1106, 1115 (Wyo. 1977) (internal quotation marks omitted). The only case law cited by Schanzenbach on the issue does not hold otherwise; it merely establishes that state law must prevail over local law when the two conflict. *See State ex rel. Baker v. Strange*, 960 P.2d 1016, 1017–18 (Wyo. 1998) (state law, which provided a "reasonable time" to appeal a decision, overrode ordinance requiring appeal within 10 days). Thus, the sole question is whether LaBarge's 10-Year Rule conflicts with the Wyoming statute that Schanzenbach cites.

We see no conflict. Although Wyo. Stat. Ann. § 15-1-601 nowhere lists age restrictions among the specific zoning measures that a municipality "may" enact, neither does it forbid such restrictions. And the statute does authorize a municipality to "divide the city or town into districts of such number, shape and area as it deems necessary, and within those districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land." *Id.* § 15-1-601(b). Schanzenbach has not explained why the 10-Year Rule is not supported by this language, nor why it is affirmatively foreclosed by any provision of this or any other Wyoming statute.

**E.     Attorney Fees**

Schanzenbach claims that the district court erroneously awarded attorney fees to Defendants under 42 U.S.C. § 1988.  The district court has since clarified that it did not award attorney fees.  This issue is moot.

**III.   CONCLUSION**

We AFFIRM the judgment of the district court, except that we vacate the judgment on the Takings Clause claim and REMAND with instructions to dismiss it without prejudice as unripe.