**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: August 15, 2013

Docket No. 30,770

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES
COUNCIL 18, AFL-CIO, CLC,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO, NEW MEXICO
STATE PERSONNEL BOARD, and
SANDRA K. PEREZ, Director of New Mexico
State Personnel Board,

      Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Barbara J. Vigil, District Judge

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
Albuquerque, NM

for Appellant
State Personnel Office
General Counsel
Katie Thwaits, Special Assistant Attorney General
Santa Fe, NM

for Appellees

**OPINION**

**KENNEDY, Chief Judge.**

1

**{1}** The American Federation of State, County and Municipal Employees Council 18, AFL-CIO, CLC (the Union) appeals from the Rule 1-012(B)(6) NMRA dismissal of its action seeking declaratory and injunctive relief against the New Mexico State Personnel Board and Sandra Perez, the Board Director, (collectively, the Board). The action arises from the Board's adoption of a regulation defining the contract phrase, "shift work schedule" that is in Article 21, Section 5 of a collective bargaining agreement between the Union and the State of New Mexico (the Agreement). In its action, the Union asserted that the regulation violated the Contract Clauses of the United States and New Mexico Constitutions. The district court agreed with the Board that the regulation was "prospective" in its application and therefore did not impair the Agreement and run afoul of the Contract Clauses. The court dismissed the case under Rule 1-012(B)(6), holding that the Union had not stated a claim on which relief could be granted. We hold that the complaint stated a claim on which relief could be granted and reverse the district court's ruling.

## I.    BACKGROUND

**{2}** One of the terms in the Agreement is a sick leave incentive in Article 21, Section 5 that permits "[a]n employee who is assigned to shift work in a twenty-four hour facility and who does not utilize sick leave for a calendar quarter" to receive eight hours of administrative leave. Neither party disputes that "shift work" was not a term for which a definition had been established for purposes of the Agreement.

**{3}** After an arbitrator decided a grievance against the State holding that the sick leave benefit did not, as the State urged, only apply to those workers who worked in an assignment that constituted unending twenty-four-hour coverage of the job, the Board adopted a new regulation (the regulation) that defined the terms "normal work schedule" and "shift work schedule." The regulation stated that a " 'shift work schedule' means a normal work schedule assigned to an employee as part of a rotating group of individuals that must continuously maintain a twenty-four hour operation."

**{4}** The Union sued the Board seeking a declaratory judgment that the regulation unconstitutionally impaired the Agreement under the Contract Clauses of the United States and New Mexico Constitutions and further requesting a preliminary injunction against enforcing the regulation. The Board moved to dismiss the complaint on the ground that it failed to state a claim pursuant to Rule 1-012(B)(6).

**{5}** In a hearing that followed, the district court orally ruled that there was previously no clear definition of "shift work" in the Agreement, that the regulation applied prospectively, and that the Agreement was not substantially impaired by adoption of the regulation. The district court entered a generic order granting the Board's motion to dismiss. The Union appealed.

## II.    DISCUSSION

2

**{6}** "A motion to dismiss for failure to state a claim under Rule 1-012(B)(6) . . . tests the legal sufficiency of the complaint, not the facts that support it." *Wallis v. Smith*, 2001-NMCA-017, ¶ 6, 130 N.M. 214, 22 P.3d 682. For purposes of the motion, the well-pleaded material allegations of the complaint or petition are taken as admitted. *Villegas v. Am. Smelting & Ref. Co.*, 89 N.M. 387, 388, 552 P.2d 1235, 1236 (Ct. App. 1976). We regard dismissal under Rule 1-012(B)(6) as proper only when the law does not support the claim under any set of facts subject to proof. *Wallis*, 2001-NMCA-017, ¶ 6. All that is required is that "the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred." *Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961 (internal quotation marks and citation omitted). A motion to dismiss can be granted only if there is a total failure to allege some matter essential to the relief sought. *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 1978-NMCA-117, ¶ 3, 92 N.M. 297, 587 P.2d 444. Motions to dismiss are infrequently granted. *Id.* We review rulings on Rule 1-012(B)(6) motions de novo. *Derringer*, 2003-NMCA-073, ¶ 5. When the issue involves an interpretation of statutory and constitutional provisions, the question is also one of law, which we review de novo. *Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.*, 2001-NMCA-082, ¶ 48, 131 N.M. 100, 33 P.3d 651.

**{7}** No state may pass any law impairing the obligation of contracts. U.S. Const. art. I, § 10; N.M. Const. art. II, § 19. A regulation that applies only prospectively does not affect an existing contract that predated adoption of the regulation. *Ogden v. Saunders*, 25 U.S. 213, 262 (1827); *Gadsden Fed'n of Teachers v. Bd. of Educ. of Gadsden*, 1996-NMCA-069, ¶¶ 14, 17, 122 N.M. 98, 920 P.2d 1052; *see also Sw. Distrib. Co. v. Olympia Brewing Co.*, 90 N.M. 502, 508, 565 P.2d 1019, 1025 (1977) (holding that an act, absent any indication that the Legislature intended otherwise, did not apply to a contract already in existence and, therefore, the court could not even reach the question of whether the act impaired the obligation of a contract). To the extent the regulation is shown to apply to the Agreement, the regulation would be retroactive and trigger the Contract Clauses.

**{8}** We hold that the Union adequately pled that the regulation would substantially impair an existing contract right, so as to make the regulation unconstitutionally retroactive. The following allegations contained in the Union's complaint are more than sufficient to state a claim of substantial impairment of contract. Some state agencies had in the past "given the incentive to employees working in a 24-hour facility even when the employees did not work in a position requiring continuous shifts within a 24-hour period." The State withdrew the incentive benefit from employees covered by the Agreement who had previously been accorded the benefit, based on the State's decision to deny the employees eligibility for the benefit on the ground that the job assignment was not one requiring twenty-four-hour coverage. In the arbitration involving these employees, the State specifically used its new interpretation of shift work in a twenty-four-hour facility to justify removal of the benefit from persons in jobs except those requiring twenty-four-hour coverage. Having lost the arbitration on that very point, the Board adopted a definition that was the exact opposite of the definition adopted by the arbitrator and that was an attempt to circumvent the arbitrator's decision and the State's obligations under the Agreement. The

3

regulation denied sick leave incentive pay that the State had contractually agreed to provide and had once paid, and impaired the Agreement in violation of the Contract Clauses of the United States and New Mexico Constitutions.

{9}     Applying Rule 1-012(B)(6) limitations on granting a motion to dismiss, we hold that the complaint stated a claim on which relief could be granted and that the motion to dismiss was erroneously granted.

## III.     CONCLUSION

{10}     We reverse the district court and remand this case for further proceedings consistent with this Opinion.

{11}     **IT IS SO ORDERED.**

_____
                                        **RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

4