FILED
United States Court of Appeals
Tenth Circuit

June 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT S. BROOKS, JR.,

       Plaintiff - Appellant,

v.

BOARD OF EDUCATION,
FARMINGTON MUNICIPAL
SCHOOLS; JANEL RYAN,

       Defendants - Appellees.

No. 14-2077
(D.C. No. 1:12-CV-01249-MV-SMV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

## I. INTRODUCTION

Plaintiff-Appellant Robert S. Brooks, Jr. appeals the grant of summary

judgment in favor of Defendants Janel Ryan and the Board of Education for the

Farmington Municipal Schools (the "Board"). Brooks was employed by

Farmington Municipal Schools from 1995 until June 2012. He alleges, *inter alia*,

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Defendants violated his procedural due process rights when they refused to renew his employment contract. Ryan and the Board moved for summary judgment, arguing Brooks was not entitled to any of the procedural rights afforded by the New Mexico School Personnel Act because he performed primarily district-wide management functions. *See* N.M. Stat. Ann. § 22-10A-26(C). The district court granted summary judgment to Defendants on a different basis, concluding Brooks was not terminated within the meaning of the applicable New Mexico statute. On appeal, both Brooks and Defendants assert the district court erred in concluding Brooks was not terminated. We agree.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **reverses** the district court's judgment in part, **affirms** the judgment in part, and **remands** the matter for further proceedings.

## II.   FACTUAL BACKGROUND

Brooks was hired by Farmington Municipal Schools ("FMS") in 1995. Each year thereafter, he and FMS entered into a new one-year contract. Brooks's last contract covered the period from July 1, 2011, to June 29, 2012. On April 16, 2012, Brooks received a letter from Defendant Ryan, the superintendent of FMS, notifying him that he would "not be rehired for the 2012-2013 school year." After the parties failed to reach an agreement on Brooks's demands for reinstatement and a hearing before the Board, Brooks filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, he alleged Defendants

violated his procedural due process rights by, *inter alia*, failing to give him notice of his right to a pre-termination hearing and denying him a post-termination hearing. Brooks also asserted state contract claims.

The parties filed cross-motions for summary judgment. The district court granted Defendants' motion and denied Brooks's motion. In so doing, the court did not address Defendants' argument that Brooks was exempt from those provisions of the New Mexico School Personnel Act ("SPA") that guarantee procedural rights to terminated employees because he performed primarily district-wide management functions. Instead, based on the district court's own analysis of the SPA, the court concluded Brooks was not terminated by FMS. Accordingly, the district court granted Defendants' motion for summary judgment and ruled that Ryan was entitled to qualified immunity.

Brooks has appealed from the grant of summary judgment in favor of Defendants.

## III. DISCUSSION

### A. *Standard of Review*

Because this matter is before the court on cross-motions for summary judgment, "our review of the summary judgment record is de novo and we must view the inferences to be drawn from affidavits, attached exhibits and depositions in the light most favorable to the party that did not prevail." *Allen v. Sybase, Inc.*, 468 F.3d 642, 649 (10th Cir. 2006) (quotation omitted). In the course of that

review, we apply the same standard as the district court. *Welding v. Bios Corp.*, 353 F.3d 1214, 1217 (10th Cir. 2004). Under that standard, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### B.     *Procedural Due Process*

"A claim of denial of procedural due process requires that the plaintiff have a constitutionally protected property interest that was injured or revoked without proper procedural protections." *Schanzenbach v. Town of La Barge*, 706 F.3d 1277, 1283-84 (10th Cir. 2013). The parties disagree over whether Brooks has a property interest in continued employment. Brooks argues he does, relying on provisions of the SPA pursuant to which a school employee who has been employed for three consecutive years may not be terminated without just cause. N.M. Stat. Ann. § 22-10A-24(D). Defendants disagree, arguing Brooks could be terminated for any reason because the position he held is exempted from the SPA's termination protections. *Id*. at § 22-10A-26(C) (providing that "a non-certified school employee employed to perform primarily district wide management functions" is excepted from the procedural protections provided by the SPA).

The district court did not reach the parties' arguments on whether Brooks performed primarily district-wide management functions. Instead, the court

concluded Defendants did not terminate Brooks when they made the decision to not offer him a new one-year contract. Underlying the court's ruling was its finding that Brooks is a noncertified school employee and its conclusion that a noncertified employee is "terminated" pursuant to the provisions of the SPA only when the employment relationship is severed prior to the expiration of the employee's current contract. *See* N.M. Stat. Ann. 22-10A-2 (defining "terminate" to mean: "in the case of a noncertified school employee, the act of severing the employment relationship with the employee"). Because Brooks completed the full term of his final one-year contract, the district court concluded he was not terminated and, thus, as a matter of law could not prove any of his federal or state claims.

Both parties assert the district court erred in its analysis, although neither contests the district court's finding that Brooks was a noncertified employee. They note the SPA defines "discharge" to mean "the act of severing the employment relationship with a certified school employee prior to the expiration of the current employment contract." N.M. Stat. Ann. § 22-10A-2(A). It defines "terminate" as follows: "In the case of a certified school employee, the act of not reemploying an employee for the ensuing school year and, in the case of a noncertified school employee, the act of severing the employment relationship with the employee." *Id*. at § 22-10A-2(E). The district court believed the distinction drawn between certified and noncertified school employees in the

definition of "terminate" was an intentional effort by the state legislature to preclude noncertified employees from asserting they were terminated when a school district fails to renew their employment contract. The parties assert the distinction made in the definition of "terminate" relates to the statutory requirement that all certified school personnel must be employed through annual contracts. *Id*. at § 22-10A-21(B).

In 1994, the New Mexico legislature amended the SPA to grant certain procedural rights, formerly available only to certified employees, to noncertified employees. *Gadsden Fed. of Teachers v. Bd. of Educ.*, 920 P.2d 1052, 1053 (N.M. Ct. App. 1996). According to both Brooks and Defendants, many New Mexico school districts now employ noncertified school personnel on one-year contracts, although it is not required as it is for certified employees. Although a distinction is made between certified and noncertified employees in the definition of "terminate," amendments to the SPA were intended to provide procedural protections for all noncertified employees. To ensure a noncertified employee with a written employment contract is treated the same as a noncertified employee who does not have a contract, the statute must be read to permit the conclusion a noncertified employee with a contract employment has been terminated when his contract is not renewed. *Id*. at 1053-54 (referring to noncertified school employees as "terminated" when a New Mexico school district refused to renew their contracts). So read, the SPA does not treat a noncertified employee

-6-

differently simply because he was employed pursuant to a non-mandatory written contract.

Having reviewed the helpful arguments of the parties, including their summary of the legislative history of the SPA, we conclude the parties are correct that Brooks was terminated. Accordingly, the basis on which the district court granted summary judgment in favor of Defendants is invalid. Defendants urge us to nevertheless affirm the judgment of the district court on the basis that Brooks was not entitled to the procedural protections of the SPA because he performed primarily district-wide management functions. N.M. Stat. Ann. § 22-10A-26(C). We decline the invitation. Because the district court is in a better position to sift through the evidence and determine whether any material facts are in dispute, we remand for the district court to undertake that analysis in the first instance.

C.    *Qualified Immunity*

In addition to granting Defendants' motion for summary judgment, the district court also concluded Defendant Ryan was entitled to qualified immunity. When a civil rights action is brought against a public official in her individual capacity, the official can raise the defense of qualified immunity as Ryan did here. Once the defense was raised, the burden shifted to Brooks to establish a violation of a constitutional right that was clearly established. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). On appeal, Ryan argues the district court's grant of qualified immunity should be affirmed because Brooks cannot meet this

burden.[1]  Specifically, because there is no statutory or common law authority providing any guidance on what constitutes "district wide management functions," she asserts Brooks cannot demonstrate the constitutional right he claims was clearly established.  *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012) ("Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." (quotation omitted)).  Brooks counters that the law was clearly established because his employment contract "is the primary source of the terms that define the parameters of his employment."  This argument is not persuasive because his employment contract cannot give Brooks any more rights than he otherwise has under state law.  *Swinney v. Deming Bd. Of Educ.*, 873 P.2d 238, 240 (N.M. 1994) ("Any attempt by [a New Mexico school board] to enter into a contract or promulgate a termination policy giving an employee rights in conflict with the School Personnel Act would be ultra vires and void.").  Whether Brooks is entitled to the protections set out in the SPA is unclear.  *See Taylor v. Barkes*, No. 14-939, 2015 WL 2464055, at *2 (June 1, 2015) ("To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (quotation omitted)).

---

[1]Although the district court erred in concluding Brooks was not terminated, the court's error does not preclude this court from addressing whether Ryan is entitled to qualified immunity.

Accordingly, we conclude Ryan was entitled to qualified immunity as to the claims asserted against her in her individual capacity.[2]

## IV.   CONCLUSION

The order of the district court granting summary judgment in favor of the Board is **reversed** and the matter **remanded** for further proceedings not inconsistent with this opinion.  The grant of summary judgment in favor of Ryan in her individual capacity is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]Ryan was sued in both her individual and official capacities.  We offer no opinion on whether any of the official capacity claims against her and the claims against the Board are redundant.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).